Argued November 2, affirmed November 16, 1972

DAVIS, *Respondent,* v. ALVORD, *Appellant.*

502 P2d 1384

*Brian W. O'Brien,* Portland, argued the cause and filed a brief for appellant.

*H. W. Devlin,* McMinnville, argued the cause and filed a brief for respondent.

DENECKE, J.

Plaintiff brought this action upon an account stated. The trial court, sitting without a jury, denied defendant's motion for a nonsuit and entered judgment for the plaintiff. The only assignment of error is the denial of the motion for a nonsuit.

Defendant contends there was no evidence from which the trial court could find an account stated. We find to the contrary.

> " '[A] statement of the same [account] rendered by one to the other and received without objection by the latter urged within a reasonable time becomes a stated account binding upon the parties * * *.' *Crim v. Thompson,* 98 Or 599, 613, 193 P 448." *Sunshine Dairy v. Jolly Joan,* 234 Or 84, 87, 380 P2d 637 (1963).

The facts are as follows: Plaintiff entered into a contract with defendant to put in some roads on a land development project of defendant. The plaintiff performed at least part of the contract and in January 1966 defendant asked plaintiff for his charge for the work performed. In February 1966 plaintiff rendered a statement in the amount of $13,002.94. In January 1967 defendant wrote plaintiff: "In payment of the amount due you of $13,002.94 * * *" and offered to pay the amount by assigning certain land sale contracts. This proposed payment was not acceptable to plaintiff. In March 1967 defendant wrote plaintiff and again did not question the amount due but offered other land sale contracts as payment. This is evidence from which the trier of fact could find an account stated.

The defendant may be contending that the agreement of the parties was that plaintiff would accept

land sale contracts as payment and there could be no account stated because there was no agreement on the contracts to be accepted as payment. The defendant cannot prevail on this basis, however, because the trial court could have found from the evidence that the plaintiff never agreed to accept an assignment of contracts as payment.

Affirmed.