# DEL MONTE MEAT CO., INC., *Respondent,*
## *v.*
# HURT et al, *Appellants.*
## (No. 73-4055, SC 24639)

561 P2d 627

Timothy J. Helfrich, Eugene, argued the cause for appellants. With him on the brief was Sahlstrom & Lombard, Eugene.

J. P. Graff, Eugene, argued the cause for respondent. With him on the brief were Stephen D. Brown, and Gildea & McGavic, Eugene.

Before Denecke, Chief Justice, and Holman, Lent, and Davis, Justices.

HOLMAN, J.

## HOLMAN, J.

This is an action to recover for meat products alleged to have been sold to defendants. The complaint alternatively alleges an action upon an open account and an action for the reasonable value of the goods (*quantum valebant*). Defendants appeal from a judgment for plaintiff which was entered after a trial to the court.

The only issue is one of res judicata. Defendants contend that plaintiff's action was barred by the result in a prior case between the same parties in which plaintiff brought an unsuccessful action to recover for the same debt upon an account stated.

Plaintiff conceded in oral argument that it would have been barred from bringing the second action if the present action and its predecessor had been instituted subsequent to our decision in *Dean v. Exotic Veneers, Inc.,* 271 Or 188, 531 P2d 266 (1975). In *Dean* we broadly defined "cause of action" for res judicata purposes as "an aggregate of operative facts which compose a single occasion for judicial relief." 271 Or at 196. The successive actions with which we are concerned here, however, were filed prior to *Dean,* which we applied only prospectively, since we were unable to determine whether the plaintiff in *Dean* had relied upon the prior condition of the law which appeared to have permitted the successive bringing of the two kinds of action brought there (express contract and implied contract). Plaintiff here contends that because his cases were filed prior to *Dean,* when the condition of the law would have allowed it to bring its second action, it also should be entitled to have the benefit of prospective overruling.

We have found no Oregon cases which discuss whether a cause of action upon an account stated is the same as or different from, for res judicata purposes, an action upon an open account or an action for the reasonable value of the goods.

The last Oregon case, prior to both *Dean* and the two cases with which we are here concerned, was *Western Baptist Mission v. Griggs,* 248 Or 204, 210, 433 P2d 252 (1967). We there applied the "same evidence" test which was stated to be "whether the second action is based upon the same transaction and the *evidence needed to sustain the second action would have sustained the first."* (Emphasis added.) While the law on the subject was in a state of confusion, this was the rule that was last applied prior to the bringing of plaintiff's actions.

■ For the application of such a rule to our present situation, it is necessary to examine the nature of an account stated and what must be proved to sustain it. In *Steinmetz v. Grennon,* 106 Or 625, 637, 212 P 532 (1923), this court said:

"* * * [S]ince an action upon an account stated *is upon a new promise* and not upon the original debt or items of account, it is not ordinarily necessary to give evidence of the original character of the debt or of the items constituting the account, for it is sufficient if the plaintiff proves the account stated: 1 C.J. 729; 1 R.C.L. 220. The promise resulting from the accounting is the gist of the cause of action upon an account stated, * * *." (Emphasis added.)

The court then proceeded to explain that an account stated must be based on previous monetary transactions and cannot create an original liability. This does not mean that the transactions of the account stated and those of the open account are equivalent; it means only that the former will be based on the latter. In fact, an account stated will involve at least one further transaction: the making of the new promise. The necessity of an independent promise, either expressed or implied, is further recognized in *Sunshine Dairy v. Jolly Joan,* 234 Or 84, 85, 380 P2d 637 (1963), in which the court said:

"The crux of an account stated is an agreement between the parties that a certain amount is owing and will be paid. * * *."

■ It is obvious that evidence needed to prove an open account or the reasonable value of the goods (the evidence necessary to sustain the present action) would have been insufficient to sustain the first action, upon an account stated, because there would have been no evidence of an express or implied agreement to pay a stated amount. Therefore, the "same evidence" rule of *Western Baptist Mission, supra,* would have permitted plaintiff to bring its second action.

■ Because we cannot tell whether or not plaintiff relied on what then appeared to be the state of the law in bringing its actions as it did, we have no choice but to extend to it the benefit of the prospective overruling which we allowed the plaintiff in *Dean.*

The judgment of the trial court is affirmed.