Argued January 7, affirmed March 31, petition for rehearing denied
April 24, 1977

# HORSLEY PLUMBING & HEATING
## SERVICE, INC., *Respondent,*
### *v.*
# HERZMAN et ux, *Appellant.*
## (No. 74-2302-L-1, SC 24482)

562 P2d 170

Herbert A. Putney, of Boyer & Putney, Medford, argued the cause and filed a brief for appellant.

Robert C. Robertson, of Robertson & Hilts, Medford, argued the cause and filed a brief for respondent.

Before Denecke, C. J., and Howell, Lent and Bradshaw, Justices.

DENECKE, C. J.

## DENECKE, C. J.

The plaintiff was a plumbing contractor and the defendants were general contractors. Plaintiff secured a judgment for labor and materials against defendants in the sum of $11,154.95. Defendants appeal.

The plaintiff pleaded and proceeded at trial on the theory of "account stated." The defendants contend plaintiff has not proved an "account stated." We conclude that this is not an instance of "account stated" as we have applied that legal concept; nevertheless, the plaintiff is entitled to prevail.

This is a law action. The trial court generally fou...d for plaintiff and at the close of the trial made an oral finding that there was an account stated. In this posture we consider the evidence most favorable to the plaintiff.

The plaintiff had performed contracts for the defendants commencing in 1967. In 1973 plaintiff had difficulty determining from its records the status of its account with defendants. Plaintiff asked defendants if it could meet with defendants' bookkeeper and resolve the difficulty. From defendants' books the bookkeeper prepared a ledger sheet for plaintiff commencing with transactions in March 1972. The bookkeeper continued to make entries for plaintiff until June 1973. According to plaintiff's representative's testimony, the bookkeeper continued through the end of 1973 to conform plaintiff's book with defendants' books.

Sometime in the spring of 1974 plaintiff sent defendants a statement of the total claimed to be owing plaintiff. Shortly thereafter defendants challenged the accuracy of the statement. Plaintiff makes some contention that the sending of this statement constituted an account stated; however, we find this too speculative. The trial court apparently did not base its decision on this contention.

Corbin describes the use of the theory of "account stated" as follows:

"The term 'account stated' has been used to denote a number of diverse transactions, the facts of which are so different that the legal relations created thereby must also be different. And yet in almost every instance in which this term is used in a court opinion or in a treatise it seems to be assumed that it invariably denotes a single type of transaction; general rules of law are laid down as if they were applicable to any transaction to which the term 'account stated' has been applied. The truth is that the writers are dealing with diverse types of transactions and that the 'general rule' laid down may be applicable to some 'accounts stated' and not applicable to others." 6 Corbin, Contracts 233-234, § 1303.

The typical "account stated" case is one in which the parties expressly or impliedly agreed to a balance on an open running account. *Sunshine Dairy v. Jolly Joan,* 234 Or 84, 85, 380 P2d 637 (1963), is an example of a typical case. The facts of this case may be squeezed into the typical "account stated" mold, but we will regard the transaction as the parties did in their dealings.

The plaintiff determined how much defendants owed by keeping its accounts with defendants in conformity with defendants' record of their account with plaintiff. Both records are in evidence. The trial court observed that, by deducting a duplicate entry, the books were $2.28 different. The defendants did not dispute the amount stated by their records or plaintiff's except in one important particular. The defendants' position is fully stated in an allegation of their affirmative defense:

"Due to the damages caused Defendants by reason of said defective work and failure by Plaintiff to provide Defendants with what was agreed upon, Defendants did not receive what they bargained for and the charges and billings submitted by Plaintiff were overstated by the sum of $11,977.43."

The amounts defendants contended they were damaged by plaintiff's defective work were not shown on defendants' books.

At trial the defendants put on evidence to support

[ 744 ]

their contention that plaintiff had failed to perform all of its contracts with defendants.[1] The trial court found for defendants on some of these claims and deducted about $1,000 from the amount found owing plaintiff. There was evidence supporting its decision on these claims.

■ The pleadings and trial were carried on in the terminology of "account stated." However, the action was tried as one brought for labor and materials furnished in performing several contracts. There was no necessity for the plaintiff to prove the reasonable value or agreed price for the labor and materials furnished on the several contracts except for those contracts which defendants contended were defectively performed. There was no dispute on the amount owed on the uncontested contracts. Both parties introduced evidence on the contested contracts on the issue of defective performance and the amount of damages defendants incurred from any defective performance. No one was misled by the "account stated" terminology.

Under these circumstances we affirm the decision of the trial court.

---

[1] There is a divergence of opinion whether a setoff can be had against a true account stated. 1 CJS 705, Account Stated § 26.