REMINGTON, *Respondent,*
*v.*
WREN et ux, *Appellants.*
(No. 30522, SC 24400)
564 P2d 1025

Kaye D. Brand, of Craig & Brand, McMinnville, argued the cause and filed a brief for appellants.

H. W. Devlin, McMinnville, argued the cause for respondent. With him on the brief was Terrence D. Mahr, McMinnville.

Before Denecke, Chief Justice, and Bryson, Linde and Mengler, Justices.

DENECKE, C. J.

## DENECKE, C. J.

The plaintiff contracted in writing to build a home for the defendants Wren for a price of $20,953. Payments were to be made during the course of construction with the final payment on completion.

Mrs. Wren called plaintiff and asked for the final bill. Plaintiff's wife told Mrs. Wren it was $29,270.55 and Mrs. Wren said there must be a mistake. Plaintiff sent defendants a bill in that amount showing subcontractors' and suppliers' charges. Plaintiff called defendants several times thereafter and asked for payment. The defendants said the money would be paid when it came from the Veterans Administration where they were getting a loan. Three months after the defendants were first informed of the amount of plaintiff's bill, defendants sent plaintiff a check in an amount representing the contract price, plus extras of about $1,300, less the installments previously paid, less a credit. The amounts of the extras, previous payments and credit apparently are not in dispute except for a few dollars.

Plaintiff brought this action and alleged in his complaint that "an account was stated between" the parties in the amount of plaintiff's billing of $29,270.55, less the amount previously paid. The trial court found for the plaintiff in the amount prayed for. The defendants appeal.

The defendants contend that the plaintiff cannot maintain an action based upon an account stated when there was an express contract to pay a specific amount of money. The defendants are correct and the judgment must be reversed.

In *Halvorson v. Blue Mt. Prune Growers Co-op.,* 188 Or 661, 670, 214 P2d 986, 217 P2d 254 (1950), we stated, at least by way of dictum:

"* * * In such case, if the account [stated] is at variance with the terms of the contract, its receipt and retention by the debtor without objection raises no

[ 473 ]

implication of assent by such debtor to its correctness. * * *."

In *Edwards, Guardian v. Hoevet,* 185 Or 284, 294-295, 200 P2d 955, 6 ALR2d 104 (1949), we quoted:

" 'Neither is it proper to rest a stated account upon a liquidated demand already agreed upon and which either party is bound to pay, as, for instance, a promissory note alone.' " *Murphy v. Oregon Engraving Co.,* 94 Or 534, 537, 186 P 12 (1919).

We view a liquidated demand contained in a negotiable instrument to be legally similar to an agreed price in a contract.

Williston and Corbin also state this as a principle of law. 15 Williston, Contracts (3d ed) 576, § 1863, nn 18-20; 6 Corbin, Contracts 238, § 1304, n 10.

■■ Account stated is based upon an implied promise to pay arising because of the debtor's tacit assent to pay the amount billed by the creditor. Without other circumstances there is no consideration for a promise to pay an amount greater than the amount agreed upon in a contract and, therefore, such promise is unenforceable.

Corbin states:

"While an existing debt or legal duty is a sufficient reason for enforcing a promise to pay that debt, or any part of it, or to perform the duty, it is not a sufficient reason for enforcing a promise to do anything else. The new promise must be coextensive with the existing debt or other duty, or must be to render a performance that is wholly and exactly included within that debt or duty. Thus an existing overdue debt of $100 is a sufficient basis to sustain the debtor's promise to pay $100 to the creditor, or to pay $80 or any other sum less than $100; but it is not a sufficient basis for a promise to pay $101. * * *." 1A Corbin, Contracts 282, § 212.

In a section entitled, "Liquidated Money Debts and Account Stated," Corbin writes:

"Only a few words need be said about the relation of account stated to a simple debt consisting of one item, a sum certain that is due and payable. Usually it is

assumed that there can be no account stated in the case of such a debt; and yet the creditor may, and frequently does, send his bill for the amount due and the debtor may expressly or tacitly assent thereto and promise to pay. As we have seen in other chapters herein, such a promise is itself an enforceable contract. * * *.

"Such a new promise by the debtor is a contract without the necessity of either assent or consideration. Nothing is given in exchange for it. Its validity rests solely upon the pre-existing debt, commonly called a 'past consideration.' The obligation of the new promise is limited in two ways: first, by its own terms; and secondly, by the amount of the pre-existing debt. * * * [I]f the new promise is to pay an amount larger than the pre-existing debt it is not enforceable as to that excess." 6 Corbin, Contracts 237-238, § 1304.

■ We are of the opinion that any implied promise by the defendants to pay an amount in excess of the contract price which might otherwise support an account stated was without consideration and, therefore, unenforceable.

Plaintiff also asserts that defendants are estopped to deny plaintiff's claim. He bases this on evidence that he did not file a mechanic's lien within the time required because he was misled by defendants' seeming assent to his bill. The trial court found plaintiff had established this defense but did not rely upon it in deciding for plaintiff.

■ We conclude that the defendants' conduct did not estop defendants from denying they owed plaintiff the amount he is claiming. If plaintiff had filed a lien, he would have had to prove an account stated in the foreclosure suit, just as he has attempted and failed to do in the present litigation. His filing a lien would not have aided plaintiff in attempting to prove an account stated.

Reversed.