Argued and submitted February 8, affirmed August 7, 1979

# BRIGGS,
## *Respondent,*
### *v.*
# THOMPSON,
## *Appellant.*

### (A 7601-01003, SC 25544)

598 P2d 296

Walter A. Barnes, of Huffman & Barnes, Milwaukie, argued the cause and filed the brief for appellant.

Theodore S. Bloom, of Bloom, Ruben, Marandas, Berg, Sly & Barnett, Portland, argued the cause and filed the brief for respondent.

Before Denecke, Chief Justice, and Holman, Howell and Lent, Justices.

DENECKE, C. J.

## DENECKE, C. J.

This is an action for conversion. Plaintiff loaned money to a corporation, Gold Medal. In return he was given a note and granted a security interest in office equipment and other collateral by one Ashton, the president of Gold Medal. Defendant owned the building occupied by Gold Medal, although the premises were leased to a predecessor corporation, Patio Magic. Gold Medal failed to repay the loan and plaintiff brought an action to foreclose his security interest. Plaintiff obtained a default judgment on August 11, 1975. Meanwhile, Gold Medal had failed to make payments under the lease from defendant and had vacated the premises in May 1975. The office equipment covered by plaintiff's security agreement was left on the premises. Defendant claimed a right to the property by virtue of a landlord's lien. ORS 87.162. The defendant apparently concedes that if plaintiff has a perfected security interest, it prevails over a landlord's lien. *Cf.* ORS 79.1040(2). *Chapman Bros. v. Miles-Hiatt Investments,* 282 Or 643, 648-650, 580 P2d 540 (1978).

Trial was had by the court sitting without a jury. Judgment was entered for plaintiff in the amount of the agreed-upon value of the office equipment. Defendant appeals. We affirm.

Defendant argues that the trial court should have ruled for him as a matter of law at the close of the evidence. He asserts that plaintiff's allegations and proof show that plaintiff was entitled to possession of the collateral on March 10, 1975, the date when the note became due and was not paid. He also claims that the evidence shows that no demand was made of him for possession of the collateral until August 20, 1975. Defendant concludes that this evidence defeats plaintiff's claim for conversion. Defendant's conclusion is incorrect. While plaintiff may have been entitled to possession of the collateral on March 10, he was equally entitled to possession on August 20 when he made demand upon defendant.

Defendant also argues that there was no evidence that Gold Medal owned the collateral in which it granted plaintiff a security interest. Plaintiff's evidence indicated that Gold Medal was in possession of the collateral and granted a security interest in it. Defendant introduced evidence that some of the collateral had been owned by one Sturgis and other portions by the corporation which had leased the premises occupied by Gold Medal. Sturgis, on cross-examination, admitted that he had sold the collateral before the security interest in it was granted to plaintiff. He was uncertain whether he had sold it to Gold Medal or to Patio Magic, the corporation which had formerly occupied the premises. In view of the conflicting evidence regarding ownership of the collateral, defendant was not entitled to a nonsuit on that basis.

■ Defendant also assigns as error the granting of plaintiff's motion to strike his second affirmative defense. Defendant alleged that he and plaintiff agreed in August 1975 that plaintiff would cause the sheriff to attach the collateral. Defendant would then file a third-party claim pursuant to ORS 23.320. The parties would then utilize the summary adjudication procedures of ORS 23.320 to determine their rights in the collateral. Defendant asserts that because plaintiff failed to cause the sheriff to attach the collateral, plaintiff is estopped to bring this action for conversion. This defense was stricken at the close of the case on the basis that it was not supported by the evidence.

Although there was evidence to support defendant's allegations, we conclude that the facts alleged do not justify an estoppel. Defendant's rights in the collateral would have been the same in the summary adjudication procedure as in this case. Thus, even if plaintiff had agreed as defendant alleged and plaintiff subsequently breached the agreement, defendant suffered no harm which would justify estopping plaintiff's action for conversion. See *Remington v. Wren,* 278 Or 471, 475, 564 P2d 1025 (1977).

Defendant's other assignments of error involve rulings on the admissibility of evidence.

Defendant sought to question plaintiff on the subject of whether plaintiff had attempted to collect his debt from assets of the debtor other than those in which plaintiff had a security interest and the trial court sustained objections to this line of questioning. At oral argument defendant conceded the plaintiff had no obligation to satisfy himself from other property.

Defendant also sought to question plaintiff on the subject of whether plaintiff had attempted to satisfy the debt owed plaintiff by realizing on property other than that claimed by defendant in which plaintiff also had a security interest. The trial court also sustained objections to these questions. The defendant relies upon ORS 79.5040(1), (2) and 79.5020(2) of the Uniform Commercial Code. These sections, however, concern how the creditor must distribute the proceeds of collateral disposed of by the creditor. They do not attempt to state against which collateral the creditor must proceed.

At oral argument the defendant conceded that any error in the trial court's evidentiary ruling which is the subject of defendant's fifth assignment of error is harmless error. We also conclude that the ruling which is the subject of assignment of error number one, if in error, is harmless.

Defendant also contends the trial court erred in admitting into evidence a properly authenticated public document. The document contained a statement that plaintiff is a secured party and filed something, not described, with the Secretary of State on March 31, 1975. The defendant objected on grounds that are not clear. Probably the defendant was attempting to contend that a copy of the financing statement itself should have been offered rather than the document that was offered, but the defendant's reason for such contention is completely uncertain. The defendant now argues that the receipt of the offered document

violated the best evidence rule. This reason was not explicitly stated at trial and is not apparent from the words counsel used in making the objection. Defendant seemed to be contending at trial that the document offered was irrelevant because it is a request for copies, whereas the relevant document would be the financing statement itself, or a proper copy. Defendant's objection is further clouded because at no stage of this litigation has he contended that the plaintiff did not perfect his security interest by filing the proper document.

Assuming that the document was received in violation of the best evidence rule, which we do not decide, that ground for the objection was not called to the trial court's attention; therefore, the defendant cannot argue that ground on appeal.

Defendant's final assignment of error involves the sustaining of an objection by plaintiff to a question put to Mrs. Sturgis on direct examination. Defendant asked if Mr. Sturgis had ever attempted to remove the furniture from the building. Because Mr. Sturgis had already testified that he never tried to remove the furniture and defendant made no offer of proof indicating that the witness's testimony would contradict that given by her husband, any error must be presumed harmless.

Affirmed.