Argued and submitted January 14,
reversed and remanded March 17, 1980

# TRI-COUNTY INSURANCE, INC.,
## *Respondent,*
### *v.*
## MARSH,
### *Appellant.*

## (No. 78-3-161, CA 15041)

608 P2d 190

Merritt J. Willson, Oregon City, argued the cause and filed the brief for appellant.

Patrick A. Butler, Portland, argued the cause for respondent. With him on the brief was Luebke & Wallingford, Portland.

Before Joseph, Presiding Judge, Richardson, Judge, and Schwab, Chief Judge.*

RICHARDSON, J.

*Schwab, C.J., *vice* Lee, J., deceased.

## RICHARDSON, J.

Plaintiff brought this action upon an account stated. The court sitting without a jury rendered judgment for plaintiff in the amount of the prayer. Defendant makes two assignments of error: first, that the court erred in considering the case as a cause of action for an open account; and second, that the court erred in denying defendant's motions for involuntary nonsuit and for judgment in defendant's favor.

Plaintiff purchased an insurance agency formerly operated by a Mr. Morgan. Defendant operated a painting business and had purchased his private and business insurance from Morgan. He became a customer of plaintiff when plaintiff purchased Morgan's agency. On March 4, 1977, plaintiff's president met with defendant to discuss his insurance accounts. At that time defendant informed plaintiff that he wished to cancel the policies and obtain insurance through another agency. Certain of the business policies were of the auditable type, for which estimated premiums are paid in advance with the actual premiums to be determined after an audit of defendant's payroll. When the policies were cancelled, defendant's account showed a credit balance. At the March 4, meeting plaintiff's president informed defendant that the actual amount due was unknown but an audit would be conducted to determine the final amount of premiums due. Plaintiff's president testified that at that time defendant agreed to settle the account and that "he did not deny he was not going to pay anything."

On March 14, 1977, plaintiff sent defendant a letter confirming the agreement to cancel the insurance policies and noting that defendant's account showed a credit balance of $1,714.68. The letter stated plaintiff was preparing a final accounting.

The audit was subsequently completed, and in July, 1977, plaintiff sent defendant an accounting showing

a balance due of $4,563.32. That accounting was accompanied by supporting premium invoices. Defendant made no payment on the account and the record does not indicate he made any other response. Plaintiff filed its complaint on March 10, 1978, alleging an amount due of $4,563.32.

The case proceeded to trial on plaintiff's third amended complaint, alleging there was an account stated between the parties in the amount of $5,713.66. This figure was amended at time of trial by interlineation to reflect an alleged account stated of $5,053.86. Defendant's answer, denied there was an account stated in any amount and denied he owed plaintiff any premiums.

The trial proceeded on the basis of an account stated. Defendant's first assignment contends the court erred in disregarding the pleadings and treating the case as an action on an open account. Plaintiff called the defendant as an adverse witness. During cross-examination of defendant by his counsel he was asked whether he had agreed to any account presented by plaintiff. He answered in the negative. At this point the court stated:

> "Mr. Willson, [defendant's counsel] why do you think Tri-County is in business? Do they just do these things free? Didn't he agree to pay for what he was getting? Or do you think that Tri-County is in business just to give these things to people? Now, what is logical? Didn't he agree to pay if he owed something or was he just going to, from the very beginning, not ever pay his bills?"

Defendant objected to the court's characterization of the case as an action on an open account. The court then said:

> "No matter what title you put on it, I'm treating it as an open account. I want you to know that."

Defendant again objected to the case being treated as an action on an open account.

The defendant subsequently moved for an involuntary nonsuit on the basis that plaintiff had not proven an agreement to pay an account nor an agreement on a precise amount. The motion was denied. Defendant offered no further evidence after plaintiff rested, and a motion for judgment in favor of defendant was denied. The court entered judgment for plaintiff in the amount pleaded, *i.e.*, $5,053.86.

Defendant's second claim is that the court erred in denying the motion for involuntary nonsuit. We do not reach this claim of error because we conclude the case should be remanded for a new trial.

There is a material distinction between a suit on an open account and one involving an account stated. *Del Monte Meat Co., Inc. v. Hurt*, 277 Or 615, 561 P2d 627 (1977); *Cooley v. Roman*, 34 Or App 301, 578 P2d 491 (1978), *aff'd* 286 Or 807, 596 P2d 565 (1979). An action on an account stated is upon a new promise to pay a specific amount and not upon the original debt or items of the account. The promise resulting from the accounting is the gist of the cause of action. *Del Monte Meat Co., Inc. v. Hurt, supra; Sunshine Dairy v. Jolly Joan*, 234 Or 84, 380 P2d 637 (1963). It is necessary for a plaintiff claiming an account stated to establish an agreement to pay a particular amount of money calculated on the basis of previous monetary transactions of the parties. The evidence needed to establish an open account does not necessarily prove a new agreement to pay a particular amount.

An agreement supporting an account stated cause of action may be express or implied from the circumstances. An account stated may be created by failure to object to a billing within a reasonable time. *Cooley v. Roman, supra; Crim v. Thompson*, 98 Or 599, 193 P 448 (1920); *Remington v. Wren,* 278 Or 471, 564 P2d 1025 (1977). The thrust of this theory is that an agreement may be inferred from the failure of a debtor to object to an accounting he receives from a creditor. Although this inference is available, it remains a fact

[223]

issue as to whether the debtor agreed to pay the amount stated in the accounting. *See Cooley v. Roman, supra.*

In the case at issue plaintiff presented evidence that an accounting was sent to defendant and he made no response for a considerable period of time. Defendant, in the course of his testimony as an adverse witness for plaintiff, testified that he did not agree to pay the account set forth by plaintiff. There was, therefore, a fact issue to be resolved in order to enter a judgment for plaintiff on an account stated. The fact issues included whether there was an agreement and the amount agreed upon.

When a matter is tried to the court, there is an implication the court found the facts which support the judgment, but we cannot blindly apply this principle when the record indicates otherwise. The court clearly expressed its view that it was viewing the case as a cause of action on an open account. Thus, it was not concerned with determining if there was a new agreement to pay an amount stated in an accounting.

If the court had approached the case on the basis of an account stated, there was evidence from which the court could have found an implied agreement to pay the amount of the $4,563.32 submitted by plaintiff in the accounting. However, there was no evidence that defendant agreed to an account stated of $5,053.86 as pleaded in plaintiff's complaint.[1]

Reversed and remanded.

---

[1] The court also stated the pleadings could be amended to reflect a theory of open account. The pleadings were not amended.