FERNANDEZ, and FISHER, Circuit Judges. ■
MEMORANDUM **
Ron Troutman appeals the district court order affirming the bankruptcy court’s judgment in an adversary proceeding brought by the Official Committee of Unsecured Creditors of Troutman Investment Co. (“Committee”) in the Chapter 11[1] proceedings of Troutman Investment Company, d/b/a Troutman’s Emporium (“Emporium”). We affirm.
(1) The bankruptcy court did not err[2] when it determined that Troutman owed the amount shown on the books of Emporium as his house account on the date of bankruptcy. That determination was properly made on an account stated theory,[3] or on an open book account theory.[4] Moreover, to the extent that Trout-man asserts that the amount shown in the account was not accurate at some earlier time, the bankruptcy court did not abuse its discretion[5] when it determined that Troutman’s use of the amount shown in the account during his dissolution proceeding in 1996 judicially estopped[6] him from claiming that the account was in error as of that time. Moreover, he does not point out any error that might have developed since then.
(2) Nor did the bankruptcy court err when it determined that Troutman owed $150,000 on account of an amount that Emporium ultimately advanced on his behalf. That Emporium obtained that debt from Troutman’s brother, to whom Troutman originally owed the money, did not affect the validity of Emporium’s claim. See Misic v. Building Serv. Employees Health & Welfare Trust, 789 F.2d 1374, 1378 n. 4 (9th Cir.1986); Tumac Lumber Co., Inc. v. United States, 625 F.Supp. 1030, 1032 (D.Or.1985); Commonwealth Elec. Co. v. Fireman’s Fund Ins. Co., 93 Or.App. 435, 438, 762 P.2d 1041, 1042 (1988). Troutman’s assertion that Emporium was going to use the debt to purchase some of his stock in Emporium is futile because that arrangement was never pursued or consummated by either alleged party thereto.[7]
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

. 11 U.S.C. §§ 1101-1174.

. See Cossu v. Jefferson Pilot Sec. Corp. (In re Cossu), 410 F.3d 591, 595 (9th Cir.2005).

. See Hulse v. Ocwen Fed. Bank, FSB, 195 F.Supp.2d 1188, 1200-01 (D.Or.2002); Sunshine Dairy v. Jolly Joan, 234 Or. 84, 85-88, 380 P.2d 637, 638-39 (1963); Tri-County Ins., Inc. v. Marsh, 45 Or.App. 219, 223-24, 608 P.2d 190, 192 (1980).

. See Farmer’s Feed & Supply Co. v. Indus. Leasing Corp., 286 Or. 311, 316, 594 P.2d 397, 400 (1979); Nw. Country Place, Inc. v. NCS Healthcare of Or., Inc., 201 Or.App. 448, 460, 119 P.3d 272, 279 (2005).

. Hamilton v. State Farm Fire & Cas. Co., 270 F.3d 778, 782 (9th Cir.2001).

. See Hamilton, 270 F.3d at 782-83; Rissetto v. Plumbers & Steamfitters Local 343, 94 F.3d 597, 600-01, 603 (9th Cir.1996).

. For that reason alone, an amendment to Troutman’s defenses to assert that theory was properly rejected. See Nunes v. Ashcroft, 375 F.3d 805, 808 (9th Cir.2004); see also Allen v. City of Beverly Hills, 911 F.2d 367, 374 (9th Cir.1990). Moreover, the request to amend was not timely. See Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 608-609 (9th