TOOKEY, J.
*458 *465 This case concerns the amount due on a credit card, a claim for an account stated on that amount due, and a choice-of-law question. Defendant appeals a judgment for plaintiff, Portfolio Recovery Associates, LLC, on its claim for an account stated, after the trial court granted Portfolio's motion for summary judgment and denied defendant's cross-motion for summary judgment. On appeal, defendant contends that the trial court erred in applying Oregon's six-year statute of limitation to Portfolio's claim, rather than Virginia's three-year limitation period, which would have barred Portfolio's claim. Defendant also argues that Portfolio was not entitled to summary judgment, because federal law prohibits Portfolio's claim for an account stated and because there were disputed issues of material fact. We conclude that the trial court did not err in applying Oregon law to Portfolio's claim; however, we also conclude that the trial court did err in granting Portfolio's motion for summary judgment, because a genuine issue of material fact exists whether there was a "meeting of the minds" on the amount owed by defendant to support a claim for an account stated. Accordingly, we reverse and remand.
I. FACTS
Defendant has assigned error both to the trial court's grant of Portfolio's motion for summary judgment and the denial of defendant's motion for summary judgment. "We review the record for each motion in the light most favorable to the party opposing that motion." Ellis v. Ferrellgas, L.P. , 211 Or. App. 648, 653, 156 P.3d 136 (2007). "As always, summary judgment is appropriate only if the facts, viewed in the light most favorable to the nonmoving party, and drawing all reasonable inferences in favor of that party, demonstrate that the moving party is entitled to judgment as a matter of law." Yale Holdings, LLC v. Capital One Bank , 263 Or. App. 71, 76, 326 P.3d 1259 (2014).
Defendant, who is currently an Oregon resident, opened a credit card account with Capital One Bank (USA), N.A. in 2008.[1] Capital One is chartered in Virginia. The credit *466 card agreement that defendant attached to his response to plaintiff's motion for summary judgment included a choice-of-law provision that provided, in part:
"This agreement will be interpreted using Virginia law. Federal law will be used when it applies.
"* * * [T]he applicable statute of limitations period for all provisions and purposes under this Agreement (including the right to collect debt) will be the longer period provided by Virginia or the jurisdiction where you live."
Defendant defaulted on his credit card debt and, on March 15, 2010, Capital One charged the debt off as uncollectable, in the amount of $1,494.85. The February 14 to March 13, 2010, statement (March 2010 statement) that Capital One sent to defendant before charging off the debt showed a balance due of $1,494.85. That statement was sent to defendant at an address in Washington, and included an explanation that the amount shown in the statement was not the payoff amount for the account. Capital One also sent a statement to defendant in August 2011 at the Washington address that showed an amount due of $1,918.60. In July 2013, Capital One transferred defendant's account to Portfolio. Capital One attested that the ending balance on defendant's account at the time of the transfer to Portfolio was $2,039.21.
On May 23, 2014, Portfolio brought this action against defendant to collect $1,494.85, not based on the credit card agreement, but based on a claim for an account stated. Portfolio alleged that, after defendant defaulted on the account, Capital One requested full payment of the account and that, when Capital One charged off the account, it suffered damages in the amount of $1,494.85. Portfolio further alleged that, by defendant's failure to object to or dispute the stated balance of the account, defendant and Capital One formed a new contract for the amount stated. Defendant admitted in his answer that he did not dispute any statements he received from *459 Capital One "until this lawsuit was filed," but also raised as an affirmative defense that Portfolio's action was time barred by the applicable Virginia statute of limitation. *467 The case was assigned to mandatory arbitration and the arbitrator found in defendant's favor. Portfolio appealed that decision and requested a trial de novo . In the trial court, the parties filed cross-motions for summary judgment. Portfolio sought summary judgment on its claim; defendant disputed that Portfolio was entitled to judgment as a matter of law and, additionally, sought summary judgment based on his affirmative defense that the action was time barred. On the statute of limitation issue, Portfolio argued that Oregon's six-year statute of limitation applied, and defendant argued that Virginia's three-year statute of limitation applied. The trial court determined that Oregon's six-year statute of limitation applied and granted Portfolio's summary judgment motion on the claim for an account stated and denied defendant's motion.[2] In the general judgment, the trial court awarded Portfolio the sum of $1,494.85. Defendant appeals the general judgment, arguing that the trial court erred both in applying Oregon law, and in determining that Portfolio was entitled to summary judgment on its claim.
II. ANALYSIS
A. Choice of Law
We start with the choice-of-law issue presented in this case. "To determine which statute of limitations applies, we apply Oregon's conflict-of-law principles to determine which state's law is the basis of plaintiff's claims." Spirit Partners, LP v. Stoel Rives LLP , 212 Or. App. 295, 301, 157 P.3d 1194 (2007) ; see also ORS 12.430 ; ORS 12.440.[3] "The *468 threshold question in a choice-of-law problem is whether the laws of the different states actually conflict." Spirit Partners, LP , 212 Or. App. at 301, 157 P.3d 1194. The proponent of applying a different state's law has the obligation to identify a material difference between Oregon law and the law of the other state. Id. Here, the only difference identified by defendant is that the applicable statute of limitation in Virginia is three years, Va Code 8.01-246(4), and in Oregon is six years, ORS 12.080. Because Portfolio's claim would be timely under Oregon's statute of limitation, but untimely under Virginia's, defendant asserts that there is an actual conflict between those two state's laws.[4] We have previously held that a conflict in the states' statute of limitation period, such that the action would be barred by application of one of the state's statute of limitation, creates an actual conflict that must be resolved by applying Oregon's conflict-of-law principles. Spirit Partners, LP , 212 Or. App. at 301, 157 P.3d 1194 (stating that an actual conflict was identified where some of the plaintiff's claims would be timely under California statute of limitation, but untimely under Oregon statute of limitation). *460 Thus, we must determine, as between Virginia and Oregon, which state's law applies to Portfolio's claim for an account stated.[5]
In this action, Portfolio has alleged that Capital One and defendant formed a new agreement that defendant agreed to pay Capital One $1,494.85, when defendant did not *469 object to or refute that amount as stated in the March 2010 statement. "An action on an account stated is upon a new promise to pay a specific amount and not upon the original debt or items of the account. The promise resulting from the accounting is the gist of the cause of action." Tri-County Ins. v. Marsh , 45 Or. App. 219, 223, 608 P.2d 190 (1980). Because Portfolio's claim for an account stated is based on the formation of a new agreement between Capital One and defendant, we apply the choice-of-law framework set out in ORS 15.300 to 15.380, which applies to contracts, to determine which state's law applies.[6]
Usually, we will apply a choice-of-law provision in a contract to resolve a claimed conflict of law that arises in an action on that contract. ORS 15.350 (subject to certain exceptions, "the contractual rights and duties of the parties are governed by the law or laws that the parties have chosen"). Here, however, there is not a contractual choice-of-law provision to apply to the alleged account stated. The only choice-of-law provision pointed to by defendant appears in the credit card agreement between Capital One and defendant. That provision provides only that "[t]his agreement will be interpreted using Virginia law," and that the statute of limitations for "this [a]greement * * * will be the longer period provided by Virginia or the jurisdiction where you live." (Emphases added.) That credit card agreement, however, is not the agreement that forms the basis of Portfolio's claim that is now before us. The agreement on which Portfolio has based its claim is an implied one from an account stated, and that agreement does not contain a choice-of-law provision. Thus, we conclude that the trial court should not have relied on the choice-of-law provision *470 in the credit card agreement to resolve the conflict of law in this case.
Because there is not a choice-of-law agreement to apply, we turn to ORS 15.360, which directs us to determine the most appropriate law to apply by considering which state has the most relevant connection to the transaction or the parties. That statute provides:
"To the extent that an effective choice of law has not been made by the parties pursuant to ORS 15.350 or 15.355, or is not prescribed by ORS 15.320, 15.325, 15.330, 15.335 or 15.380, the rights and duties of the parties with regard to an issue in a contract are governed by the law, in light of the multistate elements of the contract, that is the most appropriate for a resolution of that issue. The most appropriate law is determined by:
"(1) Identifying the states that have a relevant connection with the transaction or the parties, such as the place of negotiation, making, performance or subject matter of the contract, or the domicile, habitual *461 residence or pertinent place of business of a party;
"(2) Identifying the policies underlying any apparently conflicting laws of these states that are relevant to the issue; and
"(3) Evaluating the relative strength and pertinence of these policies in:
"(a) Meeting the needs and giving effect to the policies of the interstate and international systems; and
"(b) Facilitating the planning of transactions, protecting a party from undue imposition by another party, giving effect to justified expectations of the parties concerning which state's law applies to the issue and minimizing adverse effects on strong legal policies of other states."
ORS 15.360. In evaluating relevant connections, which apply only when there is no choice-of-law agreement between the parties, "we look to those that show the state has some interest in having its law apply to the dispute. We are not concerned with the subjective desires of the parties." Manz v. Continental American Life Ins. Co. , 117 Or. App. 78, 83, 843 P.2d 480 (1992), adh'd to as modified on recons. , *471 119 Or. App. 31, 849 P.2d 549, rev. den. , 317 Or. 162, 856 P.2d 317 (1993) (emphasis in original; citation omitted) (discussing application of similar list of contacts in Restatement (Second) Conflict of Laws § 188 (1971) ).
Here, the place of formation of the alleged contract is Washington, where defendant resided when he received, and did not object to, the March 2010 statement from Capital One on which Portfolio bases its claim for an account stated. Capital One is chartered in Virginia, but is not a party to this lawsuit, and defendant currently resides in Oregon. See ORS 15.360(1) (discussing relevant connections for the choice-of-law analysis). The summary judgment record does not contain evidence of any other relevant connections. Thus, as between Virginia and Oregon, the relevance of the connections does not resolve the conflict-of-law issue, as none of those connections is of the type that evidences a state interest in having its law applied to Portfolio's claim. Also, the parties have not identified, and we do not readily perceive, any state policies underlying the length of time provided in the respective statutes of limitation of Virginia or Oregon that is relevant to the matters that the statute directs us to consider. See ORS 15.360(2) (determining appropriate law to apply includes identifying relevant state policies); ORS 15.360(3) (listing policy goals to be considered in evaluating the relative strength and pertinence of the identified state policies). In particular, Virginia would have no substantial interest in having its statute prevent Portfolio's action because defendant was not a resident of Virginia. Where neither state has a connection to the transaction such that it has an interest in having its law applied, we will apply the law of Oregon as the forum state. See Erwin v. Thomas , 264 Or. 454, 459-60, 506 P.2d 494 (1973) ("It is apparent, therefore, that neither state has a vital interest in the outcome of this litigation and there can be no conceivable material conflict of policies or interests if an Oregon court does what comes naturally and applies Oregon law."); see also Stubbs v. Weathersby , 126 Or. App. 596, 604, 869 P.2d 893 (1994), aff'd , 320 Or. 620, 892 P.2d 991 (1995) ("There is no choice of law issue if, in a particular factual context, the interests and policies of one state are involved and those of the other are not or are involved in only minor ways."). Our analysis leads us to conclude that *472 Oregon law applies in this case; thus, the trial court did not err in denying defendant's motion for summary judgment, which sought to have Portfolio's complaint dismissed as time barred under Virginia law.
B. Claim for Account Stated
We turn to defendant's assignment of error to the trial court's grant of Portfolio's motion for summary judgment on its claim for an account stated. "An account stated is an agreement between persons who have had previous transactions of a monetary character fixing the amount due in respect to such transactions and promising payment." Steinmetz v. Grennon , 106 Or. 625, 634, 212 P. 532 (1923). Because an account stated is an agreement, it cannot exist unless "the minds of the parties have met"-that is, the parties must agree that the amount owed in *462 the accounting is correct. Id. The Supreme Court has explained that,
"[t]o constitute an account stated, each party must understand the transaction as a final adjustment of the respective demands between them taken into consideration in the accounting. The binding force of an account stated will not be given to the mere furnishing of an account which was not with a view to establishing a balance due, or finally adjusting the matters of account between the parties."
O'Neill v. Eberhard Co. , 99 Or. 686, 695, 196 P. 391 (1921). The assent of the parties to an account stated "may be express or it may be implied from the conduct of the parties and the circumstances of the case." Steinmetz , 106 Or. at 634, 212 P. 532.
"An account stated involves as a necessary element a promise to pay the balance ascertained to be due. This promise may be express; but if it is not actually expressed the law will imply a promise to pay when the parties agree upon the amount due or when their conduct justifies the inference that they have agreed."
Id. "The thrust of this theory is that an agreement may be inferred from the failure of a debtor to object to an accounting he receives from a creditor. Although this inference is available, it remains a fact issue as to whether the debtor agreed to pay the amount stated in the accounting." Tri-County Ins. , 45 Or. App. at 223-24, 608 P.2d 190 ; see also Sunshine Dairy v. Jolly Joan , 234 Or. 84, 87-88, 380 P.2d 637 (1963) (based on *473 the conduct of the parties over a number of years, the debtor's failure to object to a billing did not entitle the creditor to an inference that the debtor had impliedly acknowledged that it owed the claimed amount to the creditor). Here, defendant makes two arguments: (1) he argues that, as a matter of law, Portfolio cannot pursue a claim for an account stated in these circumstances, which involve consumer credit card debt; and (2) he argues that Portfolio presented insufficient evidence on summary judgment to make out its claim for an account stated.[7]
1. Portfolio can pursue a claim for an account stated.
We address defendant's legal arguments first. Defendant asserts that Portfolio cannot pursue a claim for an account stated because (1) it would result in the formation of a new agreement with different terms without the disclosures required by federal law for credit card issuers,[8] and (2) it would shift the burden of proof to defendant to dispute the amount owed, in violation of federal law.[9]
We first reject defendant's argument that federal law prohibits Portfolio from pursuing a claim for an account stated. Defendant's argument is predicated on the idea that Portfolio is entitled to a statutory amount of prejudgment interest that would apply to a claim for an account stated, which would be an interest charge that has not been properly disclosed by the credit card issuer as required under federal law. We reject that argument because an agreement on an account stated is not an agreement to extend open-end credit; it constitutes a new agreement that an amount *474 certain is owed based on a previously existing debt. See Tri-County Ins. , 45 Or. App. at 223, 608 P.2d 190 (explaining the difference between an open account and an agreement on an account stated). There is nothing about that new agreement that implicates the federal law on *463 which defendant relies. See 15 USC § 1602 (defining "credit," "creditor," and "open end credit plan" to include the concept of the extension of the right to incur debt and defer its payment and which contemplates repeated transactions).
We also reject defendant's burden-shifting argument, because the common law of an account stated does not shift the burden of proof to the debtor to disprove an amount owed. Rather, if the debtor fails to object to the accounting within a reasonable time, then an inference is available that the parties had a meeting of the minds about the amount owed. Tri-County Ins. , 45 Or. App. at 223-24, 608 P.2d 190. The defendant is entitled to put on evidence to refute that inference and create an issue of fact for the trier of fact to decide, id. , but the availability of the inference does not shift the burden of proof to the defendant; the burden of proof for the claim remains on the plaintiff, because the availability of the inference does not create a legal presumption that the fact of assent is established. See, e.g. , id. ("Although this inference is available, it remains a fact issue as to whether the debtor agreed to pay the amount stated in the accounting."). Cf. ORS 40.120 ("In civil actions and proceedings, a presumption imposes on the party against whom it is directed the burden of proving that the nonexistence of the presumed fact is more probable than its existence."); ORS 40.135(2) ("A statute providing that a fact or a group of facts is prima facie evidence of another fact establishes a presumption within the meaning of this section."). Thus, even if defendant is correct about the requirements of federal law-an issue on which we express no opinion-defendant's argument fails under the common law of an account stated.
2. Portfolio was not entitled to summary judgment.
We next turn to defendant's sufficiency-of-the-evidence arguments. Specifically, defendant asserts that Portfolio was not entitled to summary judgment, because Portfolio failed to present a statement that was "a rendering *475 of defendant's entire account by Capital One," and failed to present evidence that Capital One presented a statement to defendant "for the purpose of his examination and agreement that the totality of the charges made on the account is correct and owed"-that is, defendant argues that there is no evidence that Capital One intended for the March 2010 statement to be a final accounting. Defendant also asserts that Portfolio failed to present evidence of what is a "reasonable time" to object to a statement in the custom of the credit card industry.
We agree with defendant that Portfolio was not entitled to summary judgment. To be entitled to summary judgment on its claim for an account stated, Portfolio had to show that, as a matter of law, there was a meeting of the minds between Capital One and defendant about the amount due. Steinmetz , 106 Or. at 634, 212 P. 532. For that element, Portfolio solely relies on the inference that is available when a debtor fails to object to an accounting within a reasonable time. Tri-County Ins. , 45 Or. App. at 223-24, 608 P.2d 190. That is, Portfolio argues that, because defendant did not object to the March 2010 statement, that statement created an account stated between Capital One and defendant. Here, however, the summary judgment record presents a disputed issue of fact as to whether the March 2010 statement was a statement of account sufficient to give rise to the inference. Portfolio has relied on the March 2010 statement, showing a balance of $1,494.85, as the statement of the account to defendant. However, that statement, by its own terms, did not purport to set out the final payoff amount for the account. Additionally, Capital One sent subsequent statements to defendant that showed a greater amount owing, and attested that the balance on defendant's account at the time it was transferred to Portfolio was $2,039.21.
Viewing the evidence, and the inferences that can be drawn from that evidence, in the light most favorable to defendant, there remains an issue of fact whether there was a meeting of the minds as to the specific amount owed. It can be reasonably inferred from the evidence that Capital One did not render a final accounting to defendant that reflected what Capital One believed was the specific amount owed by defendant on the *464 account. "The binding force of an account *476 stated will not be given to the mere furnishing of an account which was not with a view to establishing a balance due, or finally adjusting the matters of account between the parties," because to "constitute an account stated, each party must understand the transaction as a final adjustment of the respective demands between them taken into consideration in the accounting." O'Neill , 99 Or. at 695, 196 P. 391. That was not the case here, and, as a result, Portfolio was not entitled to summary judgment on its claim for an account stated, and the trial court erred in granting Portfolio's motion for summary judgment.
Reversed and remanded.

Defendant asserts that he was a resident of Utah when he opened the account in 2008. However, there is no evidence in the summary judgment record to support that assertion.

The trial court considered the elements of an account stated claim under both Oregon and Virginia law, and the parties do not contend that the elements of such a claim are different under the laws of those states. At the hearing, the trial court stated in its oral ruling that "I find that the contractual statute of limitations provision is enforceable and makes the Oregon statute of limitations apply to this claim. * * * I think having read both the Virginia and Oregon cases on the statute of limitations, the correct statute of limitations is the six-year." The court further clarified that it was concluding that "the choice of laws provisions of both states give effect to the contractual language which we've discussed already in this hearing, which makes the longer state's statute of limitations apply, being Oregon's."

ORS 12.430 provides:
"(1) Except as provided by ORS 12.450, if a claim is substantively based:
"(a) Upon the law of one other state, the limitation period of that state applies; or
"(b) Upon the law of more than one state, the limitation period of one of those states, chosen by the law of conflict of laws of this state, applies.
"(2) The limitation period of this state applies to all other claims." ORS 12.440 provides:
"If the statute of limitations of another state applies to the assertion of a claim in this state, the other state's relevant statutes and other rules of law governing tolling and accrual apply in computing the limitation period, but its statutes and other rules of law governing conflict of laws do not apply."

Neither party asserts that there is a genuine issue of material fact as to the timeliness of Portfolio's claim under either Virginia's or Oregon's statute of limitation.

Defendant also argues on appeal that, if Virginia law does not apply, then Utah law should apply, which also has a shorter statute of limitation than Oregon, because that is the state where he lived when he opened the account with Capital One. We do not consider that argument because defendant did not preserve it in the trial court and did not introduce evidence into the summary judgment record to support it. See Spirit Partners, LP , 212 Or. App. at 301-02, 157 P.3d 1194 ("Simply introducing evidence of plaintiff's connections to New York, without argument about the application of New York law, is not sufficient" to preserve the issue for appeal.).

ORS 15.320 concerns the applicability of Oregon law to certain contracts. Because Capital One, one of the parties to the agreement at issue, is a financial institution, ORS 15.320 does not apply. ORS 15.305 ("ORS 15.320 does not apply to any contract in which one of the parties is a financial institution, as defined by 15 U.S.C. 6827, as in effect on January 1, 2002."). However, all the other provisions in ORS 15.300 to 15.380 apply, because Portfolio filed this action after May 19, 2011, which is the effective date of the amendment that narrowed the exception for financial institutions. Or. Laws 2011, ch. 129, § 1; see also CACV of Colorado v. Stevens , 248 Or. App. 624, 629 n. 6, 274 P.3d 859, rev. den. , 352 Or. 377, 290 P.3d 813 (2012) (explaining that ORS 15.300 to 15.380 does not apply to civil actions filed before May 19, 2011, where one of the parties to the agreement is a financial institution).

Because we conclude that Oregon law governs this matter, we do not address any arguments made by defendant that are predicated on Virginia statutes.

In support of that argument, defendant cites to 15 USC section 1637(b), which sets out the information that "the creditor of any account under an open end consumer credit plan shall transmit to the obligor, for each billing cycle," and former 12 CFR section 226.5 (July 30, 2008), which sets out general disclosure requirements for open-end credit.

In support of that argument, defendant cites 15 USC section 1643(b), which provides:
"In any action by a card issuer to enforce liability for the use of a credit card, the burden of proof is upon the card issuer to show that the use was authorized or, if the use was unauthorized, then the burden of proof is upon the card issuer to show that the conditions of liability for the unauthorized use of a credit card, as set forth in subsection (a), have been met."