**FILED**



JUL 6 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

KIRK J. NYBERG,

            Plaintiff-Appellant,

  v.

PORTFOLIO RECOVERY ASSOCIATES, LLC,

            Defendant-Appellee.

No. 17-35315

D.C. No. 3:15-cv-01175-PK
District of Oregon,
Portland

ORDER

Before: McKEOWN, MILLER, and MENDOZA, Circuit Judges.

The panel has voted to grant the petition for rehearing. An Amended Memorandum Disposition is being filed simultaneously with this Order.

The petition, Dkt. No. 101, is **GRANTED**. The court will accept a petition for rehearing or rehearing en banc of the Amended Memorandum Disposition within fourteen (14) days of the date of this Order.

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 6 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

KIRK J. NYBERG,

        Plaintiff-Appellant,

v.

PORTFOLIO RECOVERY ASSOCIATES, LLC,

        Defendant-Appellee.

No.   17-35315

D.C. No. 3:15-cv-01175-PK

AMENDED MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Paul J. Papak II, Magistrate Judge, Presiding

Submitted December 9, 2022[**]
Seattle, Washington

Before:  McKEOWN, MILLER, and MENDOZA, Circuit Judges.

Kirk Nyberg appeals the district court's dismissal of his claims brought

under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692.  We

have jurisdiction under 28 U.S.C. § 1291 and we affirm.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Nyberg filed a complaint against Portfolio Recovery Associates, LLC ("PRA"), claiming that PRA violated the FDCPA by bringing a state-court action against Nyberg to collect an alleged credit-card debt. The district court granted PRA's motion for summary judgment and dismissed Nyberg's claims.

PRA contends that this case must be dismissed for lack of Article III standing. We hold that Nyberg, the party invoking federal court jurisdiction, has satisfied his burden to establish standing. *See Patel v. Facebook, Inc.*, 932 F.3d 1264, 1270 (9th Cir. 2019). Nyberg demonstrated a concrete injury by showing that he incurred attorney's fees defending against PRA's state-court action. *See TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2203–04 (2021); *Czyzewski v. Jevic Holding Corp.*, 580 U.S. 451, 464 (2017).

Although Nyberg has standing, his claims were properly dismissed on summary judgment. Nyberg argues that PRA committed unfair debt collection practices by providing him false information, and by bringing an account-stated claim against Nyberg that was legally baseless and time-barred. These arguments fail as a matter of law.

Nyberg's falsity argument fails because he does not establish that the alleged falsities were material. Even if we assume PRA made a false statement in its debt-collection notice, Nyberg does not demonstrate that the statement of what he owed "affected [his] ability to make intelligent decisions" about how to respond to the

2

collection effort. *See Donohue v. Quick Collect, Inc.*, 592 F.3d 1027, 1033 (9th Cir. 2010). Likewise, even if PRA's state-court complaint falsely suggested that the FDCPA permitted Nyberg only 60 days to object to the credit-card statement, Nyberg does not identify how this communication was materially misleading, when Nyberg's credit-card holder agreement independently required that he make any objections within 60 days.

Nyberg's argument that the account-stated claim was legally baseless and therefore in violation of the FDCPA also fails. A claim for account stated was recognized in Oregon law at the time PRA filed its complaint. *See, e.g.*, *Sunshine Dairy v. Jolly Joan*, 380 P.2d 637, 638 (Or. 1963); *see also Portfolio Recovery Assocs., LLC v. Sanders*, 462 P.3d 263, 275 (Or. 2020) (en banc) (subsequently confirming the viability of account-stated claims and citing cases). It is undisputed that PRA acquired Nyberg's credit-card debt, PRA demanded payment of that debt, and Nyberg neither objected to the demand nor paid PRA. While PRA concedes that its complaint failed to plead the necessary mutual asset for account stated, that deficiency under Oregon law is not a per se violation of the FDCPA. *See Wade v. Reg'l Credit Ass'n*, 87 F.3d 1098, 1100 (9th Cir. 1996). Nyberg does not identify how this deficiency rendered PRA's complaint materially false or deceptive or an unfair or unconscionable debt-collection method. *See* 15 U.S.C. §§ 1692e–f.

Nor was PRA's collection action time-barred. *Cf. Kaiser v. Cascade Cap.,*

3

LLC, 989 F.3d 1127, 1130 (9th Cir. 2021) (filing a lawsuit to collect debts that are outside the applicable statute of limitations violates the FDCPA). Because PRA's action was filed in Oregon while Nyberg's credit-card agreement was governed by Virginia law, we apply Oregon conflict-of-laws rules to determine whether the relevant Oregon or Virginia statute of limitations applied to the action. *See Sanders*, 462 P.3d at 267, 274. Since both states have a relevant connection to the dispute and neither party has identified a substantive conflict between Virginia and Oregon laws governing claims for account stated, Oregon's statute of limitations applied to PRA's action. *See id.* at 268–74. Nyberg does not contest that PRA filed its account-stated claim within Oregon's applicable statute of limitations period. Nyberg's argument that, under the concurrent *remedy* doctrine, Virginia's time bar on a breach-of-contract *claim* precludes an account-stated *claim* in Oregon is not persuasive.

The district court's order is **AFFIRMED.**