Argued and submitted March 8, affirmed June 2, reconsideration denied August 4, petition for review denied August 24, 1993 (317 Or 485)

Ronald BRUNI,
Nela Bruni, Robert G. Brooks,
Jens Sonksen, Helga Sonksen,
John Huffman, Suzanne Huffman,
Steven Dondo, Apollonia Dondo,
Steve Bleich and Beth Bleich,
*Respondents,*

*v.*

David THACKER
and Gail Thacker,
*Appellants.*

(16-91-05192; CA A72804)
853 P2d 307

Kelly D. Collins, Cottage Grove, argued the cause for appellants. With her on the briefs were Michael R. Genna and Genna & Associates, Cottage Grove.

Terence J. Hammons, Eugene, argued the cause for respondents. With him on the brief was Hammons, Mills, & Spickerman, Eugene.

Before Deits, Presiding Judge, and Riggs and Durham, Judges.

DEITS, P. J.

## DEITS, P. J.

Plaintiffs brought this action to enforce restrictive covenants and to enjoin defendants from violating these covenants by operating a bed and breakfast business in their residence, which is located in the same subdivision as plaintiffs' residences. Defendants appeal from a summary judgment for plaintiffs. We affirm.

The two principal covenants that plaintiffs argue are violated by the bed and breakfast operation and that are relevant to the issues we discuss, provide in part:

"Only one single family residence, together with appurtenant outbuildings, shall be constructed on a lot.

"* * * * *

"Lots shall be used for only single family residential purposes."

The covenants were recorded in 1978 or 1979. Defendants bought their property in 1987, constructed the residence and began the bed and breakfast business sometime thereafter. Although there have been amendments to the restrictive covenants over the years, the provisions in question have not been amended at any relevant time.

Defendants assign error to the granting of plaintiffs' motion for summary judgment and to the denial of their motions to dismiss and for summary judgment. They acknowledge that the covenants control here, but assert that, because the covenants do not define a "single family dwelling or its purposes," it is appropriate to look to section 16.090 of the Lane County Code, that defines "bed and breakfast accommodation" as an "[a]ccessory use to be carried on within a structure designed for and occupied as a single family dwelling * * *" for guidance in interpreting the covenants. *See also* ORS 624.020(6). Defendants argue that the county code either establishes as a matter of law that a bed and breakfast operation is an "incidental or accessory use" of a single family residence or at least raises a question of fact on that point.

■■ We do not agree that it is appropriate to look to the county code to interpret the language of the covenants. First, the code provision, as well as ORS 624.020(6), was enacted

after the covenants were recorded. Moreover, the covenants cannot be interpreted to allow expanded incidental or accessory uses that the code might allow. The covenants unambiguously state that lots in the subdivisions may be used *only* for single family *residential* purposes.

█        Defendants also argue that the covenants should be read only to restrict the type of buildings that may be built in the subdivision, not their use:

> "[T]he covenant for single family residential purposes is a restriction upon the types of buildings that can be constructed on lots and not a limitation of the type of activities that can take place in a building so constructed."

The problem with this argument, however, is that the covenants quite specifically limit the *use* of the property to single family residential.

██        Defendants further contend that, although they knew when they bought their property that "a restrictive covenant existed, they were entitled to know if the scope of such a covenant could include a 'bed and breakfast' before they purchased the land." However, we have concluded that the covenant is not ambiguous, and that the non-residential use is expressly precluded. No more notice than what the recorded covenants gave was required. Finally, defendants' argument that "any doubts concerning the restrictive covenants must be resolved in favor of the free use of land" does not succeed, because there is no doubt in this case as to the meaning of the covenant.

        Defendants' remaining arguments do not merit discussion.

        Affirmed.