Argued and submitted May 1, reversed and remanded August 21, petition for review allowed October 29, 1996 (324 Or 322)

Peter H. YOGMAN
and Diane E. Walker,
husband and wife,
Raymond C. Miller and Myrtle L. Miller,
husband and wife,
and Robert W. Knapp and Ruth E. Knapp,
husband and wife,
*Respondents,*

*v.*

Gregory A. PARROTT
and Myra L. Parrott,
husband and wife,
*Appellants.*

(94-4377; CA A89262)

921 P2d 1352

Stephen F. Crew argued the cause for appellants. With him on the briefs were Gary Firestone and O'Donnell, Ramis, Crew, Corrigan & Bachrach.

Judith N. Selich argued the cause and filed the briefs for respondents.

Before Riggs, Presiding Judge, and Deits and Landau, Judges.

RIGGS, P. J.

## RIGGS, P. J.

Plaintiffs brought this action to enforce a restrictive covenant and to enjoin defendants from renting their vacation home. Defendants appeal from a summary judgment for plaintiffs. Because there is no dispute as to the facts, we review to determine whether summary judgment is appropriate as a matter of law. ORCP 47 C. We reverse and remand.

Plaintiffs and defendants own houses in Miracle View Annex, a beachfront subdivision in Lincoln County. All of the lots in the subdivision are subject to a set of restrictive covenants that were recorded in 1963. When defendants are not occupying their vacation home, they rent it on a short-term basis to groups of up to 10 people. Reservations and payments are made through a third party.[1] Plaintiffs filed a complaint seeking a declaration that defendants' rental activity violates a restrictive covenant that provides:

> "All lots within said tract shall be used exclusively for residential purposes and no commercial enterprise shall be constructed or permitted on any of said property."

The parties filed cross-motions for summary judgment. The court granted plaintiffs' motion, denied defendants' motion and entered a judgment awarding declaratory and injunctive relief to plaintiffs. The court determined that defendants were in breach of the covenant because they were not renting their home on a casual basis but "engaging in the commercial activity of a rental business." Defendants appeal, assigning error to the court's rulings on the summary judgment motions.

■ The issue in this case is whether the short-term rental of a home within the subdivision constitutes a non-residential purpose or a commercial enterprise, either of which is a violation of the covenant. Resolution of the parties' dispute turns on the interpretation of the language of the covenants, which reflects the intent of the drafters. ORS 42.240; *Palmer v. Johnston*, 110 Or App 538, 541, 823 P2d 1024, *rev*

---

[1] Rental of the property is managed by a family member of defendants and the transactions are conducted by mail, not at the home.

*den* 313 Or 74 (1992) (citing *Alloway v. Moyer*, 275 Or 397, 550 P2d 1379 (1976)). Plaintiffs assert that "[t]he acceptance of a fee in exchange for daily or weekly stays at [the home] is not a residential purpose" under the covenant. We disagree. Whether or not defendants receive a rental fee is not the determinative factor, because the "residential purpose" clause of the restrictive covenant controls the manner in which the property is *used*. Although the renters pay to occupy defendants' home, they are using the home for residential purposes. Plaintiffs do not assert, nor does the evidence indicate, that defendants' home, when rented, is used for any nonresidential purposes.

*Bruni v. Thacker*, 120 Or App 560, 853 P2d 307, *rev den* 317 Or 485 (1993), does not support plaintiffs' argument. In *Bruni*, we held that the defendants' bed and breakfast establishment violated a restrictive covenant that limited the use of certain property to "single family residential purposes." On its facts, *Bruni* appears to be analogous to this case because it involved parties who were providing short-term accommodations for a fee. However, the restrictive covenant that we interpreted in *Bruni* was fundamentally different in one important respect—it limited use of the property to *single family* residential purposes. We did not need to decide whether operation of a bed and breakfast was a nonresidential use of the property, because the defendants violated a more specific provision of the covenant, the single-family limitation, when they provided accommodations to nonfamily members. Unlike in *Bruni*, the restrictive covenant in this case simply limits use of the property to "residential purposes." It does not contain any further qualifications, such as requiring owner occupancy or single-family occupancy; therefore, as long as the property is being used solely for residential purposes, it does not matter *who* is using it or whether the occupants have paid a fee to do so. *See Johnson v. Campbell*, 259 Or 444, 447-48, 487 P2d 69 (1971) (covenant allowing "residential use only" does not prohibit use of property for apartment purposes).

The remaining question is whether, by renting their home, defendants are engaging in a "commercial enterprise" on their property. The term "commercial enterprise" is not

defined in the covenants. We again determine what the drafters intended the term to mean based on the language of covenants. Our interpretation of the covenant is also guided by the statutory presumption that "the terms of the writing * * * have been used in their primary and general acceptation." ORS 42.250.

The summary judgment record does not contain any direct evidence as to the scope of the "commercial enterprise" restriction.[2] The language of the covenants as a whole indicates that the drafters intended, among other things, to protect the residential character of the subdivision. That intent, coupled with a general interpretation of "commercial enterprise," suggests that the drafters likely intended to exclude business establishments that are open to the public for the purpose of providing a commodity or service, such as gas stations or grocery stores. *See Webster's Third New International Dictionary* 456 (unabridged 1971) (defining "commercial" as "occupied with or engaged in commerce" and defining "commerce" as "the exchange or buying and selling of commodities"). Under that meaning, defendants' practice of renting their vacation home on a short-term basis through a third party is not a commercial enterprise. Defendants' home is not open to the public for on-site rental, such as a motel, nor is it advertised as a rental by signs on the property. The maximum number of renters and vehicles allowed at any one time appears to be reasonable given the size of the home. What occurs on defendants' property is not any greater infringement on the residential character of the subdivision than would occur with a large family that regularly visited its own vacation home. The only distinction is that defendants receive a fee for the use of their home. Under the covenants involved in this case, that alone is not enough to constitute a commercial enterprise.

We conclude, as a matter of law, that defendants have not violated the terms of the restrictive covenant. The trial court erred in granting plaintiffs' motion for summary

---

[2] Both the developer and the attorney who drafted the covenants are deceased. The developer's son submitted an affidavit stating that his father had rented out a home in a neighboring subdivision with identical covenants to Miracle View Annex. However, the affidavit is not particularly illuminating because it does not specify whether the rental was long term or for short periods of time to different renters.

judgment and in denying defendants' motion. Because of our disposition, we need not address defendants' remaining assignment of error.

Reversed and remanded for entry of judgment for defendants.