Argued and submitted March 2, reversed and remanded March 29, 2006

Brian DREY,
*Appellant,*

*v.*

KPFF, INC.,
a Washington corporation,
dba KPFF Consulting Engineers,
*Respondent,*

*and*

GEO DESIGN INC.
and Miller Consulting Engineers, Inc.,
an Oregon corporation,
*Defendants.*

0211-12134; A126136

132 P3d 663

James S. Coon argued the cause for appellant. With him on the briefs was Swanson, Thomas & Coon.

James H. Marvin argued the cause and filed the brief for respondent.

Before Landau, Presiding Judge, and Schuman and Ortega, Judges.

LANDAU, P. J.

**LANDAU, P. J.**

Plaintiff worked for the general contractor on a construction site. He initiated this personal injury action against defendant, a consulting engineering firm that contracted to provide services to his employer, for injuries that he suffered while on the job. The trial court entered summary judgment dismissing all claims on the ground that defendant is immune under ORS 30.785, which provides immunity for "construction design professionals" when a worker is injured as a result of the "failure of the employer of the worker to comply with safety standards on the construction project." Plaintiff appeals, arguing that there is a genuine issue of material fact about whether his injury was a result of a failure on the part of his employer. We agree and reverse and remand.

In reviewing the entry of summary judgment, we examine the facts in the light most favorable to the party opposing summary judgment to determine whether there is a genuine issue of material fact and, if not, whether the moving party is entitled to judgment as a matter of law. ORCP 47 C.

The following facts are not in dispute. Plaintiff worked for R&H Construction Company. The owners of the "Brewery Blocks," the remnants of the old Blitz Weinhard Brewery facility in downtown Portland, contracted with R&H to remodel one block of the facility into retail and office space. One wall of the building to be remodeled consisted of an integrated series of footings, columns, and spandrels built in the 1920s. Defendant was one of the subcontractors on the job hired to provide structural design services. Part of plaintiff's responsibilities consisted of supervising the subcontractors.

An excavation subcontractor noticed that the soil near one of the old facade columns was "sloughing" while the crew excavated. The subcontractor notified plaintiff, who then examined the excavation in person. As he did, the footing under the old column gave way, and the column fell and hit plaintiff.

Plaintiff filed a complaint against defendant for the injuries that resulted from the falling column, alleging claims for common-law negligence and for liability under the Employers Liability Law. ORS 654.305 - 654.336. Defendant moved for summary judgment, claiming immunity pursuant to ORS 30.785. That statute provides:

> "A construction design professional who is retained to perform professional services on a construction project, or an employee of the construction design professional in the performance of professional services on the construction project, shall not be liable for any injury to a worker on the construction project that * * * results from the failure of the employer of the worker to comply with safety standards on the construction project unless the construction design professional by contract specifically assumes responsibility for compliance with those safety standards."

The only issue in dispute, defendant argued, was whether plaintiff's injuries resulted "from the failure of [plaintiff's] employer to comply with safety standards on the construction project." Defendant argued that the issue, however, was disposed of by the following deposition testimony of R&H's safety director:

> "Q. Having gone through all of those documents this morning and the R&H safety policy would you agree that this injury accident to [plaintiff] would not have happened if R&H had followed all of its safety obligations and requirements relative to this project?
>
> "A. Yes, I would."

Plaintiff opposed the motion. Among other things, plaintiff relied on additional deposition testimony from the same R&H safety director:

> "Q. Under your interpretation of R&H's safety rules and regulations and standards, do you believe that anyone at R&H violated any of them in connection with this incident on this site?
>
> "[Defendant's counsel]: Object to the form of the question.
>
> "[Witness]: No."

Plaintiff argued that there was at least a genuine issue of material fact about whether his injuries resulted from the failure of R&H to comply with applicable safety standards.

At oral argument on the summary judgment motion, the trial court commented that "this thing boils down to is there a question of fact of whether the employer—ah, R&H—failed to comply with safety standards on the construction." The court specifically noted that the safety director testified both that R&H did and that it did not violate applicable safety standards. The court, however, ultimately decided to grant defendant's motion and entered summary judgment dismissing both claims.

On appeal, plaintiff argues that the trial court erred in so doing because, among other things, there is at least a genuine issue of material fact as to whether his injuries resulted from a failure of R&H to follow applicable safety regulations. Defendant responds that plaintiff failed to raise that issue to the trial court and cannot raise it for the first time on appeal. Moreover, defendant argues, the portion of the R&H safety director's testimony on which plaintiff now relies was subject to objection and thus cannot be relied on to create an issue of material fact to defeat the entry of summary judgment.

We begin with the question whether plaintiff preserved the issue that he now raises. As we have noted, plaintiff plainly relied on the R&H safety director's testimony before the trial court, and the trial court plainly understood that "this thing boils down to is there a question of fact of whether the employer—ah, R&H—failed to comply with safety standards on the construction." The trial court specifically noted that both parties claimed support for their positions in the testimony of the R&H safety director. We conclude that the argument was preserved and turn to the merits.

At the outset, it is not entirely clear to us that defendant can meet its burden as the moving party to demonstrate that plaintiff's injuries resulted from the failure of R&H to comply with safety regulations merely by relying on the opinion of an employee as to the question. But, even assuming

that such testimony *could* suffice, it does not do so in this case.

Viewing the testimony of the R&H safety director in the light most favorable to plaintiff, as we must, we conclude that plaintiff is correct that there is at least a genuine issue of material fact about whether R&H failed to comply with applicable safety standards. The witness plainly stated that R&H did *not* violate any "safety rules and regulations and standards * * * in connection with this incident on this site." Certainly, other portions of that witness's testimony *could* be read to contradict that statement. But that is not the only tenable reading of the witness's testimony. Moreover, even assuming that, as defendant suggests, the safety officer elsewhere in his deposition testified that R&H *did* violate applicable safety standards, the conflict in the testimony is not something that can be resolved on summary judgment.

Defendant attempts to avoid that result by arguing that the testimony on which plaintiff relies does not matter because it was subject to an objection. The trial court, however, did not rule on the objection and did not exclude the testimony from the summary judgment record, and defendant does not cross-assign error to the trial court's failure to exclude the evidence. *Cf. Splinters, Inc. v. Anderson / Weitz*, 192 Or App 632, 638, 87 P3d 689 (2004) (appellate courts will consider evidence in summary judgment record where party opposing its consideration failed to preserve argument as to admissibility of the evidence).

We conclude that the trial court erred in granting defendant's motion for summary judgment.

Reversed and remanded.