Argued and submitted October 28, affirmed December 3, 2008

Irwin Robert ABELL,
*Plaintiff-Respondent,*

*v.*

Mary Anna SHELTON,
an individual,
*Defendant-Appellant,*
*and*

CITY OF MILTON-FREEWATER,
a municipal corporation,
and Patrick L. Garrett,
an individual,
*Defendants.*

Umatilla County Circuit Court
CV060690; A136072

197 P3d 579

Megan L. Grill argued the cause for appellant. With her on the briefs was Robert D. Scholz.

W. Eugene Hallman argued the cause and filed the brief for respondent.

Before Landau, Presiding Judge, and Wollheim, Judge, and Schuman, Judge.

LANDAU, P. J.

## LANDAU, P. J.

This is a dispute between neighbors over the owner-ship of a shed located in an alley formerly owned by the City of Milton-Freewater. Plaintiff Abell contends that the shed encroaches on his property. As a result, he brought a claim for ejectment, asking the court to order the removal of the shed. Defendant Shelton contends that, because she and her predecessors have used the shed for many years, she has acquired ownership of it and the land on which it is situated by adverse possession. Plaintiff moved for summary judg-ment on the ejectment claim. The trial court granted the motion and entered a limited judgment ordering the parties to vacate the shed. Defendant appeals, and we affirm.

The following facts are not in dispute. Plaintiff and defendant are owners of parcels of property located on South Walnut Street in Milton-Freewater. The two parcels are sep-arated by an alley. For many years, the City of Milton-Freewater owned the alley. In spite of the city's ownership of the alley, since at least 1976, there has existed a shed in the middle of the alley, encroaching on city property, which defendant and her predecessors have used for storage.

On May 13, 1996, the city approved an ordinance vacating the alley. The ordinance took effect 30 days later, on June 12, 1996. The effect of the vacation is that ownership of the alley reverts to the adjacent owners, with each taking half of the vacated property.

A dispute arose between plaintiff and defendant over the continued use of the shed. Plaintiff insisted that the shed encroached on his property. Defendant insisted that she had acquired the shed, including the portion of it on plain-tiff's side of the boundary, by adverse possession.

On May 16, 2006, plaintiff filed a complaint against defendant for ejectment, defamation, intentional infliction of emotional distress, false arrest, and abuse of process, among others. Defendant answered, asserting that she had acquired ownership of the shed by adverse possession.

Plaintiff moved for summary judgment on the eject-ment claim. He contended that the shed encroached on his property. Defendant argued that, by virtue of her use of the

shed for decades, she had acquired the shed and the land on which it is situated by adverse possession. Plaintiff replied that defendant's claim of adverse possession failed for want of proof of the required 10 years of continuous adverse use. According to plaintiff, the alley had been in private owner-ship less than 10 years, since the adoption of the vacation ordinance in June 1996. Any use of the shed before that, plaintiff argued, did not count as a matter of law under ORS 221.750, which provides, in part, that

> "[t]he right of cities and towns, whether incorporated or not, to land dedicated to or otherwise acquired for the public use for streets, highways, parks or public places, shall not be extinguished by adverse possession, however long continued."

Defendant rejoined that the statute does not apply in this case because, in light of her decades of use of the city's alley, it is clear that it was not ever used or set aside for public use.

The trial court granted plaintiff's motion. In a thorough and carefully reasoned memorandum decision, the court explained that defendant was unable to establish the required 10 years of adverse use to defeat plaintiff's claim for ejectment. The court noted that, in the exhibits establishing the city's prior ownership of the alley and its subsequent vacation of the alley, the disputed property is clearly platted and denominated an alley, set aside for public use as such. Under the circumstances, the court concluded, ORS 221.750 precluded defendant's claim of adverse possession. The court entered a limited judgment requiring defendant to vacate the shed.

On appeal, defendant contends that the trial court erred in concluding that ORS 221.750 precludes her claim of adverse possession. She contends that plaintiff failed to introduce evidence that the City of Milton-Freewater dedi-cated or acquired the alley for public use. To the contrary, she contends, there is evidence that the "alley" was used for dec-ades as if it were merely an extension of her private property. At the least, she contends, the evidence of adverse use creates a genuine issue of material fact sufficient to defeat plaintiff's summary judgment motion. Plaintiff responds that his evi-dence that the city originally platted the disputed strip as an

alley is evidence that the city dedicated or acquired the alley for public use, and defendant's adverse use is no more than that, *viz.*, proof of adverse use that is expressly prohibited by ORS 221.750.

Under ORCP 47 C, "[t]he adverse party has the burden of producing evidence on any issue raised in the motion as to which the adverse party would have the burden of persuasion at trial." In this case, defendant would have the burden of proving the elements of her claim that she acquired the shed and the land under it by adverse possession. In particular, she would be required to prove that she and her predecessors "maintained actual, open, notorious, exclusive, hostile and continuous possession of the property for a period of 10 years." ORS 105.620(1)(a). Accordingly, once plaintiff put defendant's ownership of that property in issue, it became defendant's burden to offer admissible evidence sufficient to create at least a genuine issue of material fact as to the elements of that adverse possession claim. *Worman v. Columbia County*, 223 Or App 223, 232, 195 P3d 414 (2008); *Davis v. County of Clackamas*, 205 Or App 387, 394, 134 P3d 1090, *rev den*, 341 Or 244 (2006). In reviewing the trial court's determination whether defendant met that burden, we examine the record in the light most favorable to defendant, the nonmoving party. *Loosli v. City of Salem*, 345 Or 303, 306 n 1, 193 P3d 623 (2008).

We agree with the trial court that, even examining the evidence in the light most favorable to defendant, defendant failed to establish at least a genuine issue of material fact as to her adverse possession of the property in dispute for the required 10 years. At best, she demonstrated that she adversely possessed the property for nine years and several months. Before that, the alley was owned by the city, and, under ORS 221.750, any adverse use during the city's ownership of the alley cannot count in establishing her adverse possession claim.

Defendant insists that her use of the alley before the city vacated ownership of it should count in establishing her claim. She contends that ORS 221.750 applies only when there is proof that the city acquired or dedicated the property "for the public use." In this case, she contends, the evidence

that she and her predecessors put the alley to private use creates at least a genuine issue of material fact as to whether the alley was originally dedicated or acquired for the required public use. The problem with defendant's argument is that, in fact, she introduced no evidence that the city did not dedicate or acquire the alley for public use. As we have noted, plaintiff introduced evidence that the alley on which the shed is located was originally platted as an alley by the city and that, until June 1996, the alley remained in city ownership. Defendant did not offer any evidence to contradict plaintiff's evidence that the city originally acquired the property for a public alley.

What defendant did offer was evidence that, notwithstanding the city's acquisition and dedication of the alley for public use, she and her predecessors some time after that encroached on the alley and put it to private use. That evidence of later use, however, does not contradict the fact that the alley was originally dedicated and acquired for public use as an alley. To the contrary, as the trial court correctly observed, that evidence merely demonstrates adverse use of the public alley, which under ORS 221.750 cannot be counted in assessing defendant's proof of her adverse possession claim.

Given the fact that the city retained ownership of the alley until June 1996, and given further the fact that defendant asserted her adverse possession claim fewer than 10 years later, her proof of that adverse possession claim fails as a matter of law for want of proof of the requisite period of continuous, adverse use. Defendant does not otherwise contend that plaintiff failed to establish his claim of ejectment. The trial court therefore did not err in granting plaintiff's summary judgment motion on that ejectment claim.

Affirmed.