DIAL TEMPORARY HELP SERVICE, INC.,
an Oregon corporation,
*Plaintiff-Appellant,*

*v.*

DLF INTERNATIONAL SEEDS, INC.,
an Oregon corporation,
*Defendant-Respondent.*

Linn County Circuit Court
083421; A145062

287 P3d 1202

David J. Sweeney argued the cause for appellant. With him on the briefs were Paul G. Dodds and Brownstein, Rask, Sweeney, Kerr, Grim, DeSylvia & Hay, LLP.

Holli K. Houston argued the cause and filed the brief for respondent.

Before Armstrong, Presiding Judge, and Haselton, Chief Judge, and Duncan, Judge.

ARMSTRONG, P. J.

## ARMSTRONG, P. J.

Plaintiff appeals a judgment in defendant's favor, assigning error to the trial court's grant of summary judgment to defendant and denial of summary judgment to plaintiff.[1] We affirm.

Plaintiff contracted to supply defendant with temporary workers. The contract, which plaintiff drafted, provides, as relevant:

"4. Operation of Machinery and Motor Vehicles: It is agreed by [defendant] that [plaintiff's] employees are not authorized to operate machinery, automotive or truck equipment without first obtaining written approval from [plaintiff].

"5. Insurance Coverage: It is understood and agreed that insurance furnished by [plaintiff] does not cover liability for injury or damages caused by the operation by [plaintiff's] employees of [defendant's] equipment, vehicles, automobiles or trucks. It is further agreed that [defendant] accepts full responsibility for bodily injury, property damages, fire, theft, collision or public liability damage resulting from violation of paragraph #4 * * *."

Pursuant to the parties' contract, one of plaintiff's temporary workers was assigned to work at defendant's seed warehouse. At the direction of defendant's shift supervisor, the worker turned off a seed blender and went into a pit beneath the blender to remove debris from it. The worker did not employ any lock-out procedures to prevent the blender from being turned on. As he was cleaning the blender, the worker opened an access door and reached into the blender to loosen material that was packed in it. While the worker's hand was in the blender, another person turned the blender on, which caused the blender to amputate the worker's hand.

---

[1] In an appeal from a judgment involving cross-motions for summary judgment, both motions are subject to review if the parties have assigned error to the trial court's rulings on them. We review the record for each motion in the light most favorable to the party opposing it to determine whether there is a genuine issue of material fact and, if not, whether the moving party is entitled to judgment as a matter of law. *Eden Gate, Inc. v. D & L Excavating & Trucking, Inc.*, 178 Or App 610, 622, 37 P3d 233 (2002). We conclude that the court properly granted summary judgment to defendant and, hence, do not reach plaintiff's assignment of error on the denial of its motion for partial summary judgment.

The worker filed a workers' compensation claim for his injuries, which was processed by plaintiff's insurer, SAIF Corporation. Plaintiff's insurance policy with SAIF contained a retrospective premium endorsement under which SAIF charged plaintiff a basic premium, which was less than the standard premium, plus a percentage of the amount that SAIF paid or expected to pay on workers' compensation claims to which the policy applied. As a result of the worker's claim, SAIF required plaintiff to pay a retrospective premium of $241,000.

Plaintiff sued defendant for breach of the parties' contract, seeking to recover as damages the $241,000 retrospective premium that it had paid to SAIF, on the ground that defendant had breached paragraph four of the contract by allowing the worker to operate the seed blender, which breach had caused plaintiff to be liable for the retrospective premium. Defendant answered and asserted as an affirmative defense that, pursuant to ORS 656.018 of Oregon's Workers' Compensation Law, it was immune from liability to plaintiff.

Plaintiff moved for partial summary judgment in its favor on defendant's affirmative defense, contending that ORS 656.018 did not immunize defendant against plaintiff's breach-of-contract claim. Defendant responded to plaintiff's motion and filed a cross-motion for summary judgment in its favor on plaintiff's claim. Defendant contended that it was entitled to summary judgment for three, independent reasons: (1) plaintiff could not recover as damages the $241,000 that it had paid to SAIF because the parties' contract limited defendant's liability for a breach of paragraph four to the cost of indemnifying plaintiff against liability for injuries and damages to others as a result of the unauthorized operation of machinery or vehicles by plaintiff's employees, and the retrospective premium payment is not such a cost; (2) the worker's injury was not caused by the worker operating the blender and, consequently, defendant had not breached the contract; and (3) the Workers' Compensation Law immunized defendant against plaintiff's claim.

The trial court concluded that the worker's injury had not been caused by his operation of the blender and,

hence, was not the result of a breach by defendant of the parties' contract. Consequently, the court granted defendant's summary judgment motion and denied plaintiff's motion.

Plaintiff appeals. Because we conclude that it is dispositive and requires us to affirm the judgment in this case, we write to address only whether the contract permits plaintiff to recover as damages for breach of paragraph four the $241,000 retrospective premium that it paid to SAIF, and we will assume, for the sake of our analysis, that the worker's injury occurred as a result of his operation of the seed blender.

The parties offer competing constructions of their contract. Plaintiff contends that the contract imposes no limit on the damages for which defendant is liable for a breach of the prohibition in paragraph four against the unauthorized operation of machinery or vehicles by plaintiff's employees. Conversely, defendant contends that the contract limits damages for such a breach to the cost to indemnify plaintiff against liability for injuries and damages to others resulting from the operation of machinery and vehicles by plaintiff's employees.

We conclude that defendant's proposed construction of the contract is at least a plausible construction of it. Paragraph five of the contract specifies that the insurance that plaintiff provides in conjunction with providing temporary workers to defendant "does not cover liability for injury or damages caused by the operation by [plaintiff's] employees of [defendant's] equipment, vehicles, automobiles or trucks." That provision can reasonably be understood to distinguish between liability insurance for injuries and damages caused to others by plaintiff's employees when they are operating defendant's equipment and vehicles, which plaintiff does not provide, and workers' compensation insurance, which plaintiff does provide for its employees and which, by its nature, covers its employees without regard to the work that they are doing. Paragraph five goes on to provide that defendant "accepts full responsibility" for the harm caused by plaintiff's employees as a result of a violation of paragraph four—that is, harm caused by the operation without plaintiff's approval of machinery or

vehicles by plaintiff's employees, for which plaintiff has not provided insurance.

In light of those provisions, the requirement in paragraph four that defendant obtain written approval from plaintiff in order for plaintiff's employees to be authorized to operate machinery or vehicles can be understood to reflect a concern with the risk to others caused by the operation of machinery or vehicles by plaintiff's employees, for which plaintiff does not provide insurance and which is not reflected in the cost paid by defendant for the services of plaintiff's employees. By requiring defendant to obtain written approval from plaintiff authorizing plaintiff's employees to operate machinery or vehicles, plaintiff can assess the risk of liability to others from its employees' operation of machinery or vehicles and can determine whether to include the cost of insuring against that risk as a condition of its approval.

Under that construction of the contract, paragraphs four and five are concerned solely with allocating between plaintiff and defendant the risks and costs associated with liability to others arising from the operation of machinery and vehicles by plaintiff's employees. They are intended to control and impose liability between plaintiff and defendant for those risks and costs, *not* for the risks and costs associated with injuries to plaintiff's employees, which are injuries that are covered by the workers' compensation insurance that plaintiff provides for its employees. So understood, the retrospective workers' compensation premium that plaintiff seeks to recover as damages for defendant's purported breach of paragraph four would not be recoverable as damages under the parties' contract.

We can assume, for these purposes, that plaintiff's proposed construction of the contract, under which the retrospective premium would be recoverable as damages for defendant's purported breach of paragraph four, is also a plausible construction of the contract. However, if, as here, there are two plausible constructions of the contract, then the contract is ambiguous regarding whether the retrospective premium constitutes damages that plaintiff can recover for defendant's breach of paragraph four, which

leads to consideration of extrinsic evidence of the parties' intent on that issue.

The parties did not submit any extrinsic evidence in the summary judgment record that properly bears on their intent. Plaintiff did submit an affidavit from its chief executive officer in which he testified that the reason that plaintiff included paragraph four in the contract was to protect plaintiff against liability for retrospective workers' compensation insurance premiums. However, that testimony cannot be considered as evidence of plaintiff's intent because it does not indicate that plaintiff communicated its intent regarding paragraph four to defendant. *See, e.g., Paragano v. Gray*, 126 Or App 670, 683, 870 P2d 837 (1994) ("When a provision of a contract is ambiguous, the court may receive [extrinsic] evidence of the parties' intent in order to resolve the ambiguity. That evidence includes their negotiations—what one party said to another—[but] not their undisclosed thoughts or subjective beliefs.").

In the absence of extrinsic evidence of the parties' intent, resolution of an ambiguity requires resort to legal maxims of construction, the appropriate one in this case being the maxim that a contract is construed against the party that drafted it, which is plaintiff. It follows that the contract does not permit plaintiff to recover as damages for defendant's purported breach of paragraph four the $241,000 retrospective premium that plaintiff paid to SAIF. Hence, the trial court did not err in granting defendant's motion for summary judgment.

Affirmed.