On appellant's petition for reconsideration filed October 10, and respondent's response to petition for reconsideration filed October 16, reconsideration allowed; former opinion (252 Or App 376, 287 P3d 1202 (2012)) adhered to March 13, 2013

DIAL TEMPORARY HELP SERVICE, INC.,
an Oregon corporation,
*Plaintiff-Appellant,*

*v.*

DLF INTERNATIONAL SEEDS, INC.,
an Oregon corporation,
*Defendant-Respondent.*

Linn County Circuit Court
083421; A145062

298 P3d 1234

David J. Sweeney, Paul G. Dodds, and Brownstein Rask for petition.

Stephen C. Voorhees and Graham M. Sweitzer for response.

Before Armstrong, Presiding Judge, and Haselton, Chief Judge, and Duncan, Judge.

ARMSTRONG, P. J.

**ARMSTRONG, P. J.**

Plaintiff seeks reconsideration of our opinion in *Dial Temporary Help Service v. DLF Int'l Seeds*, 252 Or App 376, 287 P3d 1202 (2012), contending that where, as here, we review a trial court's grant of summary judgment in a contract case and conclude that the contractual language at issue is ambiguous, we must remand to the trial court to resolve the factual issue of the meaning of the parties' contract. Plaintiff relies on the proposition that "dispute[s] over the meaning of a contract may be disposed of by way of summary judgment only if [the contract's] terms are unambiguous." *Brown v. American Property Management*, 167 Or App 53, 61, 1 P3d 1051 (2000). He contends that we are bound by that principle and that, accordingly, we erred in affirming the trial court's grant of summary judgment. We disagree.

Here, defendant moved for summary judgment on plaintiff's contract claim, arguing, among other things, (1) that the contractual provision on which plaintiff's claim relied was unambiguous and did not provide a basis for the claim and (2) that, if the provision was ambiguous, it was subject to construction in defendant's favor because plaintiff had drafted the contract. In response, plaintiff argued only that the disputed language unambiguously supported its construction of the contract. It did not submit any relevant extrinsic evidence bearing on the intended meaning of the provision. *See Dial*, 252 Or App at 381 (concluding that plaintiff's proffered evidence was insufficient to create a triable factual issue on the intended meaning of the provision).

We may affirm a grant of summary judgment if, viewing the summary judgment record and taking all reasonable inferences in favor of the adverse party, we determine that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Jones v. General Motors Corp.*, 325 Or 404, 420, 939 P2d 608 (1997). Although we view the summary judgment record in favor of the adverse party, "[t]he adverse party has the burden of producing evidence on any issue raised in the motion as to which the adverse party would have the burden of persuasion at trial." ORCP 47 C. Because—as

defendant notes here—the contract, if ambiguous, must be construed against plaintiff, plaintiff had to offer admissible evidence sufficient to show that there was a triable issue of fact on the intended meaning of the disputed provision. *See, e.g., Abell v. Shelton*, 224 Or App 259, 263, 197 P3d 579 (2008); *Worman v. Columbia County*, 223 Or App 223, 232, 195 P3d 414 (2008). Because plaintiff failed to do that, it was appropriate for us to determine whether defendant was entitled to judgment as a matter of law.

The cases on which plaintiff relies for reconsideration do not require a different result. Although we have said, rather imprecisely, that "dispute[s] over the meaning of a contract may be disposed of by way of summary judgment only if [the contract's] terms are unambiguous," *Brown*, 167 Or App at 61, that statement reflects a "general rule," and represents a truncated articulation of our standard for reviewing grants of summary judgment in cases involving the construction of contracts. Thus, in *Madson v. Oregon Conf. of Seventh-Day Adventists*, 209 Or App 380, 389, 149 P3d 217 (2006), we concluded that, "[b]ecause the contract is ambiguous, *ascertaining its meaning is a question of fact*, and the trial court therefore erred in granting defendant's motion for summary judgment." (Emphasis added.) That is to say, it was not the ambiguity of the contract that rendered summary judgment inappropriate, but that the ambiguity represented a dispute over a genuine issue of material fact.

Significantly, following our statement in *Madson*, we noted:

> "An exception to that general rule exists when there is no relevant extrinsic evidence to resolve the ambiguity. *See Yogman*[ *v. Parrott*], 325 Or [358,] 363-66[, 937 P2d 1019 (1997)] (interpreting ambiguous contract term on summary judgment when the parties agreed that there was no relevant extrinsic evidence). In such circumstances, the court can, on summary judgment, determine the contract's meaning by applying appropriate maxims of construction. *Id.* at 364. Here, however, we decline to apply the exception. *In their summary judgment submissions, the parties each proffered some extrinsic evidence relating to the disputed issue* and, unlike in *Yogman*, they did not agree that there was no

other extrinsic evidence that was relevant to the meaning of the contract."

*Madson*, 209 Or App at 389 n 3 (emphasis added). That discussion recognizes that it is the existence of competing extrinsic evidence—and the triable factual issue that the evidence creates—that, as a general rule, makes the resolution of the meaning of an ambiguous contract on summary judgment inappropriate, not the existence of an ambiguity itself.

Further, that discussion recognizes at least two circumstances in which the "general rule" does not apply. The first, which plaintiff aknowledges, is found in *Yogman*. There, the plaintiff prevailed on summary judgment on the ground that, as a matter of law, the defendant's conduct had violated the terms of the parties' contract. We reversed, concluding that, as a matter of law, the defendant's conduct had *not* violated the terms of the contract. *See Yogman v. Parrott*, 142 Or App 544, 548, 921 P2d 1352 (1996), *aff'd*, 325 Or 358, 937 P2d 1019 (1997). On review, the Supreme Court concluded that the contract's terms were ambiguous and that the extrinsic evidence presented by both parties on summary judgment was "sketchy" and did not resolve the contract's meaning. *Yogman*, 325 Or at 364. Although it noted that the task of resolving the intended meaning of an ambiguous contract ordinarily falls to the trier of fact, *id.* at 363, the court nonetheless proceeded to resolve the issue on summary judgment because "[t]he parties agree[d] that no additional evidence of the contracting parties' intent [was] available beyond what [was] in the summary judgment record." *Id.* at 364. That is to say, despite the ambiguity, no genuine issue of material fact remained to be tried.

Second, the general rule does not apply when, as here, the party that bore the burden of presenting evidence to establish the existence of a genuine issue of material fact has failed to do so. Thus, in *Madson*, we noted that, "[i]n their summary judgment submissions, the parties *each* proffered some extrinsic evidence relating to the disputed issue." 209 Or App at 389 n 3 (emphasis added). That competing evidence established the existence of a genuine issue of material fact, and, accordingly, we reversed the trial court's grant of summary judgment and remanded so that

the trier of fact could resolve the factual issue. *Id.* at 389. That is not the case here.

Reconsideration allowed; former opinion adhered to.