Argued and submitted March 6, reversed and remanded May 21, 2014

YALE HOLDINGS, LLC,
an Oregon limited liability company,
*Plaintiff-Appellant,*

*v.*

CAPITAL ONE BANK,
as successor to Chevy Chase Bank, FSB,
*Defendant-Respondent,*

*and*

Donald W. SLEEMAN;
Anne P. Sleeman; Stephen Madison; Kristin Pollock;
Home Federal Bank; Parr Lumber Company;
Sheldon Development, Inc.; Tuscan Hills Owners
Association; Lisa A. Shenk, aka Lisa A. Pollock; and
Chicago Title Insurance Company,
*Defendants.*

Clackamas County Circuit Court
CV11040331; A151034

326 P3d 1259

Ridgway K. Foley, Jr., argued the cause for appellant. With him on the brief were Charles R. Markley, Sanford R. Landress, and Greene & Markley, P.C.

C. Marie Eckert argued the cause for respondent. With her on the brief were Jeanne Kallage Sinnott and Miller Nash LLP.

Before Duncan, Presiding Judge, and Wollheim, Judge, and Lagesen, Judge.

LAGESEN, J.

**LAGESEN, J.**

This dispute centers on a trust deed that contains inconsistent descriptions of the property that it encumbers; one of the descriptions is necessarily a mistake. If one description—the tax-parcel-number description—is the correct one, then the trust deed encumbers the entirety of a one-of-a-kind mansion and its surrounding grounds. If the other description—the metes-and-bounds description—is the correct one, then the trust deed encumbers only part of the mansion (which is not wholly contained within the metes-and-bounds borders) and part of the surrounding grounds. On cross-motions for summary judgment, the trial court concluded that the tax-parcel-number description controls, and that, as a result, the trust deed encumbers the entirety of the mansion and grounds. We reverse, concluding that the trust deed is ambiguous as to what property it encumbers and that the ambiguity is not capable of resolution on summary judgment.

## I.   FACTS

A.   *The Trust Deed at Issue, the Loan It Secures, and the Descriptions of the Property That It Encumbers.*

The mansion and grounds are located on what was previously three separate tax parcels, referred to by the parties to this dispute as Parcel I, Parcel II, and Parcel III. In 2005, those three parcels were combined into a single tax lot (the "Fielding Road property"). As explained by a Clackamas County senior planner,

> "[t]he effect of the 2005 lot combination * * * was to combine the three historic tax lots into one tax lot with one address and one parcel account number. Through this process, tax lots 100 and 200 were combined into tax lot 300. After the combination, the property had one address, 12850 S.W. Fielding Road, and consisted of *one tax lot, lot 300, approximately 2.95 acres in size, with one property account, number 00180477.* The tax lot combination process was effective on or about January, 2005."

(Emphasis added.) Around the same time, the then-property owner, Roger Pollock, extensively remodeled the residence, which originally was located solely on former Parcel I. As a

result of the remodel, the residence spanned two of the three historic parcels.

In 2007, Pollock applied to refinance his home with a $5 million loan from Chevy Chase Bank, F.S.B. Pollock's loan application (1) represented that the "subject property" was located at 12850 SW Fielding Road and that the property had originally cost $6,500,000, and (2) stated "see prelim" on the line requesting the legal description of the subject property.[1] Chevy Chase Bank ordered two appraisals in connection with Pollock's loan request. Both appraisals assessed the value of the entire home and the 2.95-acre property, although the second appraisal contained a metes-and-bounds description that described the boundaries only of former Parcel I. One appraisal assessed the value of the house and land at $7,750,000, and valued the 2.95-acre site, standing alone, at $2 million. The other appraisal provided an assessed value of $7,500,000 for the entire house and land, valuing the land alone at $2,100,000.

Chevy Chase Bank ultimately loaned Pollock the requested $5 million. The loan was secured by the trust deed at issue in this case. The trust deed describes the property securing the loan as "12850 SW Fielding Road." The trust deed also refers to the property securing the deed by a metes-and-bounds description and identifies the property as "Tax Parcel Number: 00180477." The metes-and-bounds description contained in the trust deed describes only the boundaries of former Parcel I and does not include former Parcels II and III. Chevy Chase Bank subsequently merged into defendant Capital One Bank (Capital One); as a result of the merger, Capital One became the holder of the trust deed at issue in this case.

B. *The Present Case*

In 2008, Pollock transferred his interest in the Fielding Road property—for no consideration—to plaintiff, Yale Holdings, LLC (Yale), a holding company in which Pollock owned 99 percent of the membership interest. Yale

---

[1] That appears to have been a reference to the supplemental preliminary title report, dated January 19, 2007, which contained a metes-and-bounds description that described the boundaries only of former Parcel I.

subsequently sued Capital One and others in an attempt to quiet title in the Fielding Road property.[2] With respect to Capital One, Yale sought a determination that Capital One's claim to the property under the trust deed was limited to former Parcel I—the parcel described by the metes-and-bounds description—and did not include any "claim, right, title or interest in or to Parcels II and III." Capital One alleged a counterclaim for reformation and, in the alternative, a counterclaim for a declaratory judgment declaring that the trust deed encumbers the entirety of Tax Parcel Number 00180477.

The parties filed cross-motions for summary judgment. Among other things, each side asserted that the trust deed is unambiguous as to what property it encumbers. Yale claimed that the trust deed unambiguously encumbers only former Parcel I; Capital One claimed that the trust deed unambiguously encumbers the entirety of Tax Parcel Number 00180477. In a letter opinion, the trial court ruled that Capital One was entitled to summary judgment on its counterclaim for a declaratory judgment, concluding that "the trust deed encumbers the entire property located at 12850 S.W. Fielding Road." On March 6, 2012, the trial court entered a limited judgment in favor of Capital One. The limited judgment granted declaratory relief to Capital One and dismissed Yale's claims against Capital One.

Yale timely appealed. On appeal, Yale assigns error to the trial court's denial of its motion for summary judgment and the court's grant of summary judgment to Capital One on its counterclaim for declaratory relief. Both parties again maintain that the trust deed is unambiguous and requires judgment in their favor as a matter of law.

## II. STANDARD OF REVIEW

This appeal arises from a limited judgment that resulted from cross-motions for summary judgment; Yale assigns error both to the grant of Capital One's motion and to the denial of its own motion. In this posture, both rulings

---

[2] Sterling Savings Bank, a judgment creditor of Pollock, purchased Pollock's ownership interest in Yale at an execution sale. The present suit was brought in Yale's name.

are subject to review. *Ellis v. Ferrellgas, L.P.*, 211 Or App 648, 652, 156 P3d 136 (2007). Under these circumstances, "the record on summary judgment consists of documents submitted in support of and in opposition to both motions." *Citibank South Dakota v. Santoro*, 210 Or App 344, 347, 150 P3d 429 (2006), *rev den*, 342 Or 473 (2007). On each motion, the moving party "has the burden of demonstrating that there are no issues of material fact and that [he or she] is entitled to judgment as a matter of law." *Ellis*, 211 Or App at 652. "We review the record for each motion in the light most favorable to the party opposing that motion." *Id.* at 653. As always, summary judgment is appropriate only if the facts, viewed in the light most favorable to the nonmoving party, and drawing all reasonable inferences in favor of that party, demonstrate that the moving party is entitled to judgment as a matter of law. *Robinson v. Lamb's Wilsonville Thriftway*, 332 Or 453, 455, 31 P3d 421 (2001); ORCP 47 C.

## III. ANALYSIS

The real question in this case is whether the issue of which property description in the trust deed controls was susceptible to resolution on summary judgment. A trust deed that contains inconsistent descriptions of the property that it encumbers is, as a matter of law, ambiguous. *See Adair Homes, Inc. v. Dunn Carney*, 262 Or App 273, 278, ___ P3d ___ (2014) ("If a contract's provisions are internally inconsistent regarding a subject, then the contract is ambiguous regarding that subject."). Here, the various records submitted by the parties demonstrate that the trust deed is ambiguous as to what property it encumbers.[3] The metes-and-bounds description suggests that only the property within the boundaries of former Parcel I is subject to the trust deed; the tax-parcel-number description indicates that the entirety of Tax Parcel Number 00180477 is encumbered by the deed.

In a dispute over the meaning of a deed, the general rule is that summary judgment is appropriate "only if

---

[3] ORS 42.220 and ORS 41.740 permit a court to consider extrinsic evidence of "the circumstances underlying the formation of a contract" to determine whether a provision is ambiguous in the first instance. *Batzer Construction, Inc. v. Boyer*, 204 Or App 309, 317, 129 P3d 773, *rev den*, 341 Or 366 (2006).

the terms * * * are unambiguous." *Cassidy v. Pavlonnis*, 227 Or App 259, 264, 205 P3d 58 (2009). Ordinarily, summary judgment is not appropriate if a deed is ambiguous, because the meaning of an ambiguous provision is a question for the trier of fact. *See Shelter Products v. Steelwood Construction*, 257 Or App 382, 406, 307 P3d 449 (2013) ("If the provision in question is ambiguous, the trier of fact will ascertain the intent of the parties and construe the contract term consistent with the intent of the parties." (Internal quotation marks omitted.)).

We have, of course, recognized exceptions to that general rule. Specifically, we have concluded that a dispute over an ambiguous document can be resolved on summary judgment in the absence of "competing extrinsic evidence" that would permit a factfinder to find that the ambiguity at issue should be resolved in favor of the nonmoving party. *Dial Temporary Help Service v. DLF Int'l Seeds*, 255 Or App 609, 612, 298 P3d 1234 (2013); *Adair Homes*, 262 Or App at 278. Our task, then, is to determine whether the general rule governs this case or, instead, whether the exception applies.

On appeal, Yale contends that the trial court erred both by denying its motion for summary judgment and by granting Capital One's motion. We have little difficulty rejecting Yale's contention that it was entitled to summary judgment. The facts established by the evidence in the record—the fact that the loan was for $5 million, the fact that Pollock applied for the loan in order to refinance his whole house, the fact that the whole house was not located solely on former Parcel I, and the fact that the appraisals conducted in connection with the loan evaluated the entirety of Tax Parcel Number 00180477 and the house on it (notwithstanding the fact that the second appraisal contained a metes-and-bounds description that did not describe the entirety of the property)—all would permit a rational factfinder to infer that the parties to the trust deed intended that it would encumber the entirety of Tax Parcel Number 00180477 and the house and improvements on it and, correlatively, that the metes-and-bounds description was a mistake.

Was Capital One, however, entitled to summary judgment, notwithstanding the ambiguity in the trust deed? That is, viewing the evidence in the light most favorable to Yale, would a rational factfinder be compelled to find that the metes-and-bounds description was the mistaken description and that the tax-parcel-number description was the right one? Would it be irrational for a factfinder to find that the metes-and-bounds description was what the parties to the trust deed intended?

We conclude that the answer to those questions is no. Although the weight of the evidence unquestionably points to the result reached by the trial court, this is not a case where the record contains *no* extrinsic evidence that would permit a rational factfinder to find in Yale's favor. Yale points to evidence that the preliminary title report and supplemental preliminary title report prepared and delivered to Chevy Chase Bank in connection with the transaction contained the metes-and-bounds description of former Parcel I only; that Chevy Chase Bank never told the title insurance company that the metes-and-bounds description was incorrect; that Chevy Chase Bank, not Pollock, prepared and supplied the trust deed to the title insurance company; and that the title insurance company issued insurance only for former Parcel I based on the metes-and-bounds description and the fact that its records search associated the 12850 SW Fielding Road address with former Parcel I only.[4] From

---

[4] The Senior Escrow Officer for First American Title Insurance Company (FATIC), which provided title insurance in connection with the transaction, testified in her deposition that, to her knowledge, the trust deed was prepared by Chevy Chase Bank and provided by Chevy Chase Bank to FATIC. She further testified that she recognized the property description contained in the trust deed as being the same as the property description contained in the preliminary title reports provided to Chevy Chase Bank by FATIC. She also stated that at no point did Chevy Chase Bank communicate to her that the property description was incorrect.

Yale also introduced evidence of the contents of a letter from FATIC stating that Chevy Chase Bank had requested that FATIC provide title insurance only with respect to former Parcel I. The letter indicated that, at the time FATIC conducted its search of property records, the records reflected that only former Parcel I was located at the 12850 SW Fielding Road address, and that former Parcels II and III were located at a different address—12800 SW Fielding Road. Yale introduced the evidence of the contents of the letter through the escrow officer's testimony that the facts contained in the letter matched her understanding of the facts.

those facts—the fact that the preliminary title reports described former Parcel I only and Chevy Chase Bank never indicated that the description should be changed, the fact that Chevy Chase Bank was the source of the trust deed, the fact that some property records associated the residence address with former Parcel I only, and the fact that Chevy Chase Bank obtained title insurance only in connection with former Parcel I—a rational factfinder could infer that the parties intended that the trust deed encumber only former Parcel I. Although that is not the most likely inference, we cannot say that it is irrational. Accordingly, the trial court erred by granting summary judgment in favor of Capital One.[5]

## IV.  CONCLUSION

For the foregoing reasons, we reverse the limited judgment on appeal.

Reversed and remanded.

---

Below, Capital One argued that that evidence was not admissible and should not be considered by the trial court. However, Capital One did not move to strike the evidence, the trial court did not exclude it from the summary-judgment record, and Capital One has not cross-assigned error to the trial court's failure to exclude the evidence. Under these circumstances, we consider the evidence to be properly part of the summary-judgment record. *Drey v. KPFF, Inc.*, 205 Or App 31, 36, 132 P3d 663 (2006) (concluding that objected-to evidence was part of summary-judgment record under similar circumstances).

[5] Capital One argues that we should affirm the trial court's limited judgment on the alternative ground that it is entitled to summary judgment on its counterclaim for reformation. However, the limited judgment did not dispose of the counterclaim for reformation; accordingly, the issue of whether Capital One would be entitled to reformation is not properly before us on this appeal from the limited judgment.